## HYMERA COAL COMPANY *v.* HOUPT ET AL.

[No. 12,209.   Filed May 19, 1925.]

1. MASTER AND SERVANT.—*Award to partial dependents may not be redistributed on cessation of dependency by one of them.*—Section 37 of the Workmen's Compensation Act (Acts 1919 p. 158, §9482 Burns 1926, §8020u1 Burns' Supp. 1921) treats partial dependents singly, making the amount of compensation to which each is entitled proportionate to the "amount contributed weekly by the deceased to such partial dependent" and there is no provision in the statute that would authorize a "redistribution" of the award on the happening of an event that would cause the dependency of one of such dependents to cease.   p. 133.

2. MASTER AND SERVANT.—*Award of compensation to partial dependents should specify amount to be paid to each dependent.*—Under the Workmen's Compensation Act (Acts 1915 p. 392 *et seq.* as amended by Acts 1919 p. 158, §9482 Burns 1926, §8020u1 Burns' Supp. 1921), an award to partial dependents should specify the amount of compensation that should be paid to each dependent and thereby protect the employer in making the payments required to be made.   p. 134.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Claude Houpt and others against the Hymera Coal Company. On application of employer for a review of the award on account of changed conditions, the Industrial Board ordered a redistribution of the award, from which order, the defendant appeals. *Reversed.* By the court in banc.

*Will H. Hays, Hinkle C. Hays, A. C. Owens, W. Paul Stratton, John S. Taylor, W. H. Bridwell* and *G. W. Buff,* for appellant.

ENLOE, J.—June 30, 1923, one Paul Houpt, an employee of appellant, received an injury by accident arising out of and in the course of his employment with appellant, which injury caused his death on the same day. The said Houpt was, at the time of his injury and death, unmarried and under the age of twenty-one

years, and left surviving him his father, Claude Houpt, his stepmother, Belle Houpt, a sister, Laura Houpt, age twenty-two years, and Harold Houpt, age thirteen, and Ralph Houpt, age nine, who were his half-brothers. Each and all of said survivors, claiming to have been partially dependent upon said Paul Houpt for their support, filed an application for an award of compensation, and such proceedings were thereafter had upon said application that on July 7, 1924, there was a finding by the Industrial Board that Belle Houpt, Laura Houpt, Harold Houpt, and Ralph Houpt were each partially dependent, in equal degree, upon the said Paul Houpt for support, and there was an award to them, in equal shares of 300 weeks' compensation at the rate of $8.46 per week, beginning June 30, 1923.

On April 23, 1924, the said Laura Houpt was married to one Henry Wallace, and thereafter an application for a review of the award on account of changed conditions was filed with the Industrial Board and such proceedings were thereafter had thereon that on November 28, 1924, the said board, by a majority of its members, made a finding that said Laura Houpt was married on April 23, 1924, and that her dependency ceased on April 24, 1924. The said board thereupon made an order and award by which they ordered the share of compensation theretofore awarded to Laura Houpt to be redistributed and the same to be paid in equal shares to Belle Houpt, Harold Houpt, and Ralph Houpt. From this last award, the said employer *only* has appealed and we are not, therefore, required to pass upon the question as to whether the award, as to Laura Houpt, was according to law, or as to whether an award of compensation to a partial dependent should cease upon her marriage. The question presented to us for decision is—Were the other partial dependents entitled to have the share of Laura Houpt redistributed to them?

The answering of the question herein involved necessitates a consideration of §37 of our Workmen's Compensation Law. Acts 1919 p. 158, §9482 Burns 1. 1926, §8020u1 Burns' Supp. 1921. That section, so far as here involved, reads as follows: "If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the weekly compensation to those dependents shall be in the same proportion to the weekly compensation for persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury." This section definitely fixes the amount to which any person who is a *partial* dependent may be entitled; it treats partial dependents singly; makes the amount of compensation to which each of such persons shall be entitled proportionate to the "amount contributed weekly by the deceased to such partial dependent." And there is no provision in the statute which would authorize a "redistribution" to partial dependents. It will also be noted that §38 of said act, which deals with persons who are wholly dependent, contains no such provision for measuring the amount of the award of compensation. Partial dependents may, or may not, be related to each other. As an illustration, take the case of a father and mother who have been divorced and who have an only son, unmarried, who is contributing from his wages to the support of each; from a weekly wage of twenty-four dollars he contributes towards the support of his mother the sum of $7, and to the father, towards his support, the sum of five dollars weekly; the son meeting death by accident, the mother would, under the facts stated, be entitled to an award of $3.85 per week and the father to an award of $2.75 per week for the statutory period. The statute fixes the compensation to such

partial dependents and makes the same proportionate to contribution made from wages received at the time of the death of the employee, and if there may be a redistribution of such share of compensation, then, in the case of two partial dependents and one of them should die between the time of the injury and death of the employee and the time of the making of an award of compensation, then, in that case, the statutory rule for measuring the award to be made may be entirely ignored, and the share of both of such partial dependents awarded to the survivor of them. We do not think that such is the law. In the case last supposed, if the mother should die and there should be a redistribution of her award, then and in that event, the award to the surviving father would exceed in amount the money which he actually was receiving from the deceased son, as his partial dependent, at the time of the injury and death of such son, and the statutory rule fixing the amount of compensation to partial dependents has been entirely ignored. We hold, that as to partial dependents, there is no authority of law for a redistribution after the payments to one of such partial dependents has ceased.

We further note that there was no provision in the award herein governing the payment of the money severally awarded to the two minor children, and
2. thereby protecting the appellant in making such payments. The board should make an order specifying the person or persons to whom this money should be paid, and thereby protect said employeer in the making of the payments required to be made.

The award herein appealed from is hereby set aside, and the Industrial Board is hereby directed to make and enter an award in harmony with the views herein expressed.