BOYER ET AL. *v.* SOUTHERN INDIANA GAS AND
ELECTRIC COMPANY.

[No. 19,737. Filed October 22, 1963. Rehearing denied
November 22, 1963. Transfer denied January 21, 1964.]

*Joseph B. Minor,* of Evansville, for appellants.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

*Bruce N. Cracraft* and *E. Andrew Steiffen* and *Hyle G. Burke,* of counsel, all of Indianapolis, for amicus curiae.

PFAFF, J.—This is an appeal from a judgment of the Warrick Circuit Court rendered upon appellants' refusal to plead over from rulings of the court (1) overruling appellants' demurrers to appellee's second and third paragraphs of answer, as amended by pre-trial order, to appellants' amended complaint, and (2) overruling appellants' motion to reconsider the court's ruling on said demurrers.

Appellants, plaintiffs below, filed their amended complaint for malicious trespass, seeking damages from appellee for allegedly entering upon certain lands owned by appellants and erecting utility poles and placing high tension utility power lines thereon. Appellee filed its answer in three paragraphs, denying that appellants were entitled to recover upon their amended complaint and asserting their right to install utility poles and high tension utility power lines upon the described real estate by virtue of the provisions of a permit to install a

pole line issued to appellee by the State Highway Commission of Indiana, said Commission acting under rights allegedly granted to the State of Indiana by an easement for right-of-way executed by appellants concerning the lands in question. A copy of the easement for right-of-way, executed by appellants to the State of Indiana, and of the permit issued to appellee by the State Highway Commission of Indiana were attached to and made a part of appellee's answer to the amended complaint and incorporated therein as Exhibit A and Exhibit B respectively. Exhibit C, also attached to and made a part of the appellee's answer to the amended complaint, together with all references thereto, was subsequently stricken from the pleadings by pre-trial order of the Court.

Appellants filed their demurrer to paragraphs two and three of appellee's answer which was overruled by the Court. Appellants then closed the issues by filing their reply to appellee's second and third paragraphs of answer and the cause was set for trial by jury.

At a pre-trial conference certain stipulations were made by the parties and amendments were made to the pleadings upon which the court, by order, acted *inter alia* as follows:

"8. The court thereupon reviewed the pleadings by which the issues in this cause are presented, namely plaintiffs' amended complaint, defendant's answer to plaintiffs' complaint, which answer is in three paragraphs, and plaintiffs' reply to defendant's second and third paragraphs of answer to said amended complaint, and the following action with respect to said pleadings was taken:

" . . . .

"(c) Defendant's second paragraph of answer is further amended by including therein a new rhetorical paragraph numbered 5 reading as follows:

" '5. That said permit issued by the State Highway Commission of Indiana to the defendant was supplemented and corrected by a letter of October 9, 1959, from The State Highway Department of Indiana by M. A. Newlin, Engineer of Permits, to Southern Indiana Gas and Electric Company and attached letter of October 8, 1959, from C. L. Owens, Project Engineer, to State Highway Commission of Indiana, so as to confirm permission to place the poles covered by the permit more than one foot six inches (1'6") inside the right-of-way line *and that copies of said supplement to said permit in the form of said letters of October 9, 1959 and October 8, 1959, are attached to and made a part of this answer and identified as Exhibit B-1 and Exhibit B-2.*'

"(d) Plaintiffs withdrew their reply to defendant's second paragraph of answer and to defendant's third paragraph of answer.

"(e) Plaintiffs filed a demurrer to both defendant's second paragraph of answer and defendant's third paragraph of answer." (Our emphasis)

From this record, the primary question presented to this court is whether or not the appellee's answer, as amended by the pre-trial order, states facts sufficient to constitute a defense to the cause of action alleged in the appellants' amended complaint.

To fully and accurately determine this question we must have all material pleadings in their entirety in the record before us. A search of the record and of the briefs of counsel fails to disclose the presence of Exhibit B-1 or Exhibit B-2. These exhibits were made a part of appellee's answer by a pre-trial order, signed by the trial court and counsel for the parties, and thus became a part of the pleadings in the cause.

It is the policy of this court to decide appeals upon their merits and upon the questions raised by the as-

signments of error. However, where, as here, the assigned error is based upon the premise that the trial court erred in its ruling upon a demurrer, the pleading to which the demurrer is addressed must be set out in its entirety, both in the record and in the appellant's brief. *Town of LaGrange* v. *Sears* (1938), 213 Ind. 320, 12 N. E. 2d 503; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 555, 53 N. E. 829; *White* v. *Fatout* (1899), 152 Ind. 126, 52 N. E. 700; *Reid* v. *Reid et al.* (1898), 149 Ind. 274, 49 N. E. 2.

We are reluctant to determine this case upon this technicality, but the briefs of counsel and the record are our only source of information and they should be so prepared as to preclude the probability of a mistake as to the questions presented by the appeal. The claim of right asserted by appellee in its answer to the amended complaint is allegedly based, in part, upon the contents of Exhibit B-1 and Exhibit B-2. These exhibits therefore constitute a material part of appellee's answer, the sufficiency of which is challenged by this appeal. We cannot, by conjecture, supply this omission and then consider the merits of appellants' assigned errors.

It has been suggested that the judgment appealed from, as the same appears in the record herein, may not be or constitute a final judgment. However, under the holding of our Supreme Court in the case of *State* v. *Leed* (1962), 243 Ind. 402, 183 N. E. 2d 607, and the unquestioned reliance on said judgment as final by the parties hereto, we conclude that for the purpose of this appeal, the referred to judgment is final.

The judgment of the trial court is affirmed.

Mote, C. J., Hunter and Kelley, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 255.