MOTORISTS MUTUAL INSURANCE COMPANY
v. JOHNSON, ADMINISTRATRIX, ETC.

[No. 19,476.   Filed May 18, 1964.]

*Emerson Boyd, Robert C. Riddell, Locke, Reynolds, Boyd & Weisell,* of counsel, all of Indianapolis and *Christian, Waltz, White & Klotz,* of counsel, of Noblesville, for appellant.

*Russell I. Richardson,* of Lebanon, *Frank W. Campbell,* of Noblesville, *Addison M. Dowling* and *Albert W. Ewbank,* both of Indianapolis, for appellee.

MYERS, J.—This case comes to us on petition to transfer. It is an action on contract by appellee as plaintiff to recover on a motor vehicle insurance policy issued to William Farley the amount of a tort judgment against Farley and William Gammon.

Gammon had injured James Johnson and Owen Buckner while driving Farley's automobile in Indianapolis on October 18, 1952. The action for damages was com-

menced against Farley and Gammon on October 15, 1954. Johnson died as the result of the injuries and his administratrix was party plaintiff. She recovered a judgment against Gammon and Farley for $15,000, plus interest, on November 6, 1959. Although appellant admitted the existence of the policy, it did not pay the judgment. Appellee brought suit against appellant for the $15,000, plus interest and costs, on the basis of the policy issued to Farley. Appellant defended on the ground that the policy had been breached by Farley, that he had not complied with its terms, and that he had materially failed and refused to cooperate with appellant as called for by the policy. There was a jury trial resulting in judgment against appellant. This was appealed to the Appellate Court.

The Appellate Court's opinion (192 N. E. 2d 769) affirmed that of the trial court, but not on the merits. Its prime reason for affirming is based upon the failure of appellant to set forth in its brief the provisions of the insurance policy sued upon either in total substance or in *haec verba*.

Appellant's brief reveals that a copy of the insurance policy, which is the only vital document in question here, was filed as Exhibit A to appellee's complaint and that it was stipulated that it was an admissible copy of the original insurance contract which was in effect at the time of the alleged accident on October 18, 1952, resulting in the death of Johnson.

In appellant's brief, under the heading "Exhibits Admitted in Evidence," there is a brief description of the insurance contract, showing it to be a liability policy with limit of $15,000 on Farley's automobile. Under the heading of "Insuring Agreements," appellant has submitted what it considered appropriate portions of the policy concerning "I. Coverages, II. De-

fense, Settlement, Supplementary Payments," and "III. Insured Defined." Then, under the heading of "Conditions," certain paragraphs of the policy, being numbered as 1, 2, 7 and 15, were submitted. These are the sections of the insurance contract relied upon by appellant in its defense. Its argument concerns whether these conditions were met by the insured; whether there was a waiver or estoppel on the part of appellant so as to prevent it from asserting its defenses; whether certain instructions were erroneous or others should have been given; that the verdict was not sustained by sufficient evidence and was contrary to law.

Appellee, in her answer brief, proceeds to answer these contentions. She refers specifically to Clause 15 of the policy as set forth by appellant. She also refers to the policy in general, and mentions Condition 2. Nowhere in her brief does she suggest that substantial parts of the policy were missing in appellant's brief. If so, she could have followed Rule 2-18 and supplied them herself. At least she could have put appellant on notice by filing a motion to dismiss or affirm before filing her answer brief. None of this was done. From the briefs filed, appellee was not bothered by the failure to incorporate the entire policy in appellant's brief.

Appellant has set forth many cases in support of the proposition that only the substance and the pertinent parts of a contested contract need be set forth to make good-faith compliance with the rules. This is especially so where appellee made no corrections or additions. *McConnell* v. *Fulmer* (1952), 230 Ind. 576, 582, 103 N. E. 2d 803, 105 N. E. 2d 817.

The Appellate Court's opinion does not suggest that appellant omitted a substantial verbatim provision

of any relevant part of the policy, but says it might have been deprived "of ascertaining whether or not other inferences could be drawn" from some other part of the contract not set forth.

The court cites *Baltimore & Ohio Railroad Co.* v. *Lilly Paint Products* (1963), 135 Ind. App. 46, 188 N. E. 2d 278, as authority. In that case, "export" and "domestic" rates for paint shipped out of the country were involved. Some twenty-three exhibits were introduced in evidence, many of which were documents vital to appellant's case. These were briefly mentioned in appellant's brief. The Appellate Court was rightfully of the opinion that they should have been set forth in *haec verba*, and so affirmed a trial court judgment. Also cited is *Coats et ux.* v. *Clanin et ux.* (1958), 128 Ind. App. 195, 196, 147 N. E. 2d 555, 556, which was an action for specific performance of a contract to convey real estate. In appellant's brief the contract was frequently referred to, but "nowhere in the brief is the contract set out in whole or in substance." The Appellate Court affirmed the judgment because of substance." The Appellate Court affirmed the judgment because of failure to comply with Rule 2-17 (b)-(d).

We do not consider these cases in point here. The Appellate Court did not have to go any further than what was set forth in appellant's brief to determine the issue of this case. Certainly, Rule 2-17 does not contemplate the cluttering of a brief with the many sections of a contract such as this which have no relevancy or bearing on the issues involved.

Cause remanded to Appellate Court for further proceedings.

Landis, C. J., and Achor and Arterburn, JJ., concur.

Jackson, J., dissents, stating as follows: I vote to deny transfer, with statement to effect that I do not thereby approve all the language of the Appellate Court.

NOTE.—Reported in 198 N. E. 2d 606.