WEST ET AL. *v.* INDIANA INSURANCE COMPANY

[No. 20,785. Filed September 19, 1968. Rehearing denied December 19, 1968. Transfer denied May 4, 1969.]

*Walter Nowicki, Edward J. Raskosky, George Kohl and Paul K. Gaines,* of Hammond, for appellants.

*Dale E. Custer,* and *Stults, Custer & Kuzman,* of counsel, of Gary, for appellee.

FAULCONER, J.—This is an appeal from a summary judgment entered in favor of the appellee, at it's request, in a suit brought by appellant against appellee for an alleged breach of a contract of insurance.

Although both parties exhaustively and ably treat the issue presented by the merits of this cause and this court is most desirous to decide all cases on their merits and avoid disposing of appeals on technical points, we are of the opinion that, in the present appeal, we are prevented from so doing. We have attempted, without success, to discover within the briefs themselves, a sufficient record from which we can intelligently review the action of the trial court in granting appellee's motion for summary judgment.

In ruling on the motion for summary judgment, the trial court had before it the complete text of appellant's complaint to which was attached exhibits A through J, and the answer

of appellee in two paragraphs. Also before the court are two affidavits and four other exhibits filed by appellee in support of its motion for summary judgment. Appellee also filed two additional affidavits after appellant filed his reply to said motion. To appellant's reply itself, an affidavit was attached and eleven exhibits.

Of all the pleadings, affidavits, depositions and exhibits referred to above, only appellant's complaint, the motion for summary judgment and two affidavits are set forth in their entirety.

We are aware of the 1967 Amendment of Rule 2-17, Rules of the Supreme Court, and the liberal attitude of this court and our Supreme Court in the preparation of briefs and the duties placed upon appellees by such amendment. It is, however, still incumbent upon the appellant to present a brief with a sufficient record therein, which will enable the judges of this court to intelligently review the alleged erroneous action of the trial court. *Stillabower et al. v. Lizart et al.* (1959), 130 Ind. App. 65, 67, 159 N. E. 2d 144 (transfer denied). This we must be able to do from the briefs without resort to the record of which there is only one copy available. *State ex rel. v. Hinds, Trustee* (1929), 200 Ind. 613, 615, 165 N. E. 754. Although summary judgment procedure is of recent origin in Indiana, and decisions of our appeal courts are few with regard thereto, we feel that the burden on the appellant to supply a brief demonstrating reversible error and a sufficient recital of the record to support his claimed error is the same as in other appeals.

It is virtually impossible for judges on appeal to review the action of a trial court which has granted a motion for summary judgment without having before them all of the supporting papers to which the trial judge had access, or so much thereof, to enable us to intelligently review the trial court's decision in granting the motion. By its very nature, summary judgment calls upon the trial judge

to whom it is addressed to make a determination from the pleadings, depositions and affidavits. We cannot be expected to review that determination with less before us. Although appellant sets forth what certain affidavits and exhibits were, we are of the opinion that this does not sufficiently comply with the requirement of Rule 2-17, *supra*. The "substance" referred to in that rule means material substance, one sufficient to present the alleged error relied upon for reversal of the judgment, not the mere conclusion of the brief writer or a memorandum to this court where such document will be found in the transcript. The permission of Rule 2-17, *supra*, to summarize pleadings and exhibits in briefs does not relieve appellant of his burden of supplying in his brief sufficient parts of the record which will enable us an intelligent review. *Hayes v. Pennick* (1965), 137 Ind. App. 55, 204 N. E. 2d 882, 883, 4 Ind. Dec. 679. An analogous situation appears in the sustaining of a demurrer. We have denied review of such action when the pleading to which the demurrer was addressed was not set out in its entirety, both in appellant's brief and the record. *Boyer v. Southern Ind. Gas & Elec. Co.* (1964), 135 Ind. App. 518, 522, 193 N. E. 2d 255 (transfer denied).

Parties and their counsel should remember that judges on appeal are not familiar with their cause of action and all that has taken place before the cause reaches this court and we must depend on the briefs for our understanding of the issues. This, in our opinion, is even more true and a sufficient brief more important, when the appeal questions the granting of a motion for summary judgment.

Judgment affirmed.

Carson, C.J., and Cooper, J., concur.

Prime, J., dissents without opinion.

NOTE.—Reported in 240 N. E. 2d 86.