WEST ET UX. *v.* INDIANA INSURANCE CO.

[No. 469S90, 20785.  Filed April 30, 1969.]

*Walter Nowicki, Edward J. Raskosky, George Kohl, Paul K. Gaines,* all of Hammond, for appellants.

*Dale E. Custer, Stults, Custer & Kuzman,* of Gary, for appellee.

HUNTER, J.—Appellants initiated this action to recover damages for the alleged breach of a contract of insurance. The Newton Circuit Court entered summary judgment in favor of the appellee insurer. The Appellate Court affirmed the judgment of the trial court without a discussion of the merits, holding that the appellants had failed to supply a sufficient recital of the record in their brief, as required by Supreme Court Rule 2-17. *West* v. *Indiana Insurance Company* (1968), 143 Ind. App. 298, 240 N. E. 2d 86. The appellants petitioned the Appellate Court for a rehearing and for leave to amend their brief to conform to requirements of Rule 2-17, as interpreted by that court. Both of these petitions were denied. This court, by a three-to-two majority, denied the appellants' petition to transfer, and they have now petitioned this court for a rehearing on this ruling. This petition raises two questions which must be decided by this court:

    (1) Should a petition for a rehearing on a denial of transfer be recognized as a proper appellate procedure by this court?

(2) If so, was the Appellate Court's interpretation and application of Rule 2-17 erroneous?

Supreme Court Rule 2-22 governs applications for rehearings:

"Application for a rehearing *of any cause* shall be made by petition, separate from the briefs, signed by counsel, and filed with the clerk within 20 days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within 10 days after the filing of the petition." (our emphasis)

We see nothing in this rule to prevent this court from entertaining a petition for rehearing on a denial of transfer. The object of allowing a losing party the opportunity to file a petition for rehearing is to permit him to point out mistakes of law or fact which said party contends were made by the court in arriving at its decision. *Stillabower* v. *Lizart* (1959), 130 Ind. App. 65, 161 N. E. 2d 195. A rehearing is a procedure by which a court can recognize and correct errors in its original ruling. There is no less likelihood that the Supreme Court will commit an error in denying a petition to transfer than there is when it grants such a petition. Furthermore, this court has often recognized a petition for rehearing filed by the respondent after a petition to transfer has been granted. It does not seem to be an equitable procedure to deny the petitioner this same procedure when we deny the petition to transfer. Finally, although this court has apparently never granted a petition for rehearing on a denial of a petition to transfer, it has considered these petitions on their merits and has published written opinions indicating such a consideration. *Biel* v. *Kirsh* (1959), 240 Ind. 69, 72, 161 N. E. 2d 617. *Baker* v. *Mason* (1968), 253 Ind. 348, 242 N. E. 2d 513. There is no reason why this court can not grant a rehearing on the denial of a petition to trans-

fer, and we should do so when made aware of an error in our original ruling.

We now turn to the merits of this petition. In 1940, when Supreme Court Rule 2-17 was first adopted, the brief filed by an appellant was required to contain "[A] concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript." This portion of Rule 2-17 was extensively amended, effective February 1, 1967, and now reads as follows:

> "(e)  It shall be unnecessary to set out the entire record or the bill of exceptions with the evidence in the brief in a separate section thereof. In lieu thereof, the appellant shall set forth a summary of the evidence and the record which he believes to be pertinent to the issues involved in the initial portion of the argument section of the brief, with specific reference to the line and page in the transcript where such evidence may be found or the pleadings or other paper may be found. When error is predicated on the giving or refusal of any instruction, such instruction shall be set out verbatim in the argument section of the brief, with the verbatim objections, if any, made thereto.

> "(f)  A summary statement of the record and of the evidence in the brief shall be taken to be accurate and sufficient for a full understanding of the questions presented for a decision unless the opposite party in his brief shall make the necessary corrections and additions, pointing out with specific citations in the transcript and line any corrections or additions." (our emphasis)

All of the briefs in the case at bar were filed after the effective date of this amended rule.

There has been no decision by this court interpreting this language, but two propositions may fairly be drawn from a literal interpretation of the new rule.

(1)  The appellant is only required to set forth a summary of the record which he believes to be pertinent to the issues. This means that he is not required to set out even the pertinent parts of the record verbatim. Further, it is the appellant, not the Appellate Court, who determines what portion of the record is relevant to

the issues. If the appellant summarizes that portion of the record which he believes is pertinent to the issues on appeal, at least this portion of his brief should be sufficiently adequate to prevent a dismissal of the appeal.

(2) This summary statement of the record in the brief *shall* be taken to be accurate and sufficient unless the opposite party in his brief shall make the necessary corrections or additions. Thus, a dismissal would be entirely improper where the appellant had made a good faith attempt to comply with this rule and the appellee had not made substantial corrections or additions in his own brief.

In the case at bar, the summary statement of the record in the *appellee's* brief reads as follows:

"The summary statement of the record contained in Appellant's brief is inaccurate and misleading and should be closely scrutinized by the Court to distinguish argument from fact. First of all, it is not a *summary* of the record but quotes verbatim and at length only those parts of the record favorable to Appellant. This is misleading since the portions quoted by Appellant contain much repetitious argument that should not appear in this portion of Appellant's brief. For instance, Appellant has copied verbatim the entire law brief memorandum that was filed in support of his motion for new trial. (App. Br. pp. 26-40). On the other hand, however, the summary statement is inaccurate since Appellant completely fails to mention the fact that Appellee filed a Reply to Appellant's Reply to the Motion For Summary Judgment. (Tr. 132, ll. 14-15). Next Appellant does not merely summarize the record, but interposes argument after summarizing a particular document or exhibit. (App. Br. page 22, paragraph 3 wherein Appellant discusses plaintiff's Exhibit 'A'; page 23, paragraph 9 wherein Appellant discusses plaintiff's Exhibit 'G'; page 24, paragraph 12 wherein Appellant discusses the Galvin letter of June 19, 1964).

"Appellee hopes this court will not be influenced by Appellant's attempt to repeat its argument over and over by improperly incorporating it in this summary of record portion of Appellant's brief."

The appellee, in his brief, has found it necessary to mention only one document in addition to those set forth in appellants'

brief. His main criticism of the appellants' brief is that it is argumentative, not that it is incomplete.* Thus, unless the appellants have failed to make a good faith attempt to set forth that portion of the record which they believe to be pertinent to the issues involved, their summary statement of the record "shall be taken to be accurate and sufficient for a full understanding of the questions presented. . . ."

We now turn to this portion of the appellants' brief to determine whether a good faith effort has been made to comply with Rule 2-17.

(1)  The first document in the record is the complaint. It required nine pages of transcript to set out the complaint in its entirety, and it would have been a needless waste of time and money for the appellants to have duplicated the entire complaint verbatim in their brief. In a rather thorough summary, the appellants have paraphrased each paragraph of the complaint; even this summary required four and one-half 9″ x 7″ pages in the appellants' brief. Included in this summary were all the relevant provisions of the insurance contract involved in the action.

(2)  Attached to the complaint are ten exhibits which were filed by the appellants with their complaint. Twenty-one pages of transcript were required to set out these exhibits. The appellants have identified and summarized each of these ten exhibits, and, in some instances, set out parts of them verbatim. We set forth only the last three of these summaries which are typical of the manner in which the appellants have identified each exhibit.

"Plaintiff's Exhibit 'G' is a letter from Jack West's attorney to Appellee's agent, Calumet Claims Service making demand that the company handle the defense of the Cummings' suit. Said letter being dated October 31, 1963. (Tr. 33, ll. 1-40)

---

* It is interesting to note that the appellees did file a motion to dismiss the appeal on the grounds that the transcript, and not the appellants' brief, was incomplete. The Appellate Court properly permitted the appellants to use a writ of certiorari to complete the transcript and denied the appellee's motion to dismiss the appeal. Apparently, omitting part of the record from the transcript was regarded as a more harmless and amendable error than omitting part of the record from the brief.

"Plaintiff's Exhibit 'H' attached to plaintiff's complaint is a letter dated June 19, 1964 from Attorney Frank Galvin, attorney for the Appellee to Edward Raskosky, attorney for Appellant, Jack West, stating that since the complaint is a complaint for assault and battery there is no coverage under the policy issued to Mr. West. (Tr. 34, ll. 9-46)

"Plaintiff's Exhibit 'I' is a message from Dick White, an agent for Appellee to Appellant, Jack West, sending him a duplicate copy of his liability policy. (Tr. 35, ll. 4-17)"

(3) The next documents in the record are all related to motions by the appellants for a default judgment and for discovery of certain documents, and motions by the appellee to make specific or to strike out certain language in the complaint and for a change of venue. We have examined these papers and find nothing directly relevant to the issues involved in the appeal.

(4) Then follows appellee's answer in two paragraphs which requires four pages of transcript. The first paragraph admitted or denied each of the thirty-one allegations in appellants' complaint, and the second paragraph simply affirmatively stated that the appellee was not contractually obligated to the appellants. This answer was adequately summarized by appellants as follows:

"The Answer filed by the Appellant is in two Paragraphs in Admission and Denial under Rule 1-3, and Paragraph II alleges that under terms of its insurance policy the Appellee was not obligated to provide plaintiff with insurance coverage nor provide Appellant with a defense of the action for assault and battery. Said Paragraph further alleged that the Appellee is not obligated or responsible to pay Appellant or Appellant's attorney fees, court costs or other expenses incurred by Appellant in defending the assault and battery action. (Tr. 67, l. 1 to Tr. 69, l. 16)"

(5) The next item in the record is a request for admission of facts filed by the appellants pursuant to Ind. Ann. Stat. § 2-1028(a). The appellants requested the appellee to admit forty different statements of fact. This request and the answer thereto filed by the appellee requires thirteen pages of transcript. Appellee's answers do not admit any fact which is in dispute and which is essential to any issue involved in this appeal. Apparently, for this reason,

neither party referred to these admissions in their summary statements of the record.

(6)   The next entries indicate that a change of venue was made from Lake County to Newton County and that the cause was set for trial; these are not relevant to this appeal.

(7)   The next document in the transcript is the appellee's motion for summary judgment. This motion is set out verbatim in the appellants' summary statement. To the motion, the appellee attached an unverified "summary of facts" and an "argument and brief in support of motion." These papers require eleven pages of transcript, and are more properly included in the argument portion of appellee's brief than in the appellants' summary statement of the record. Following these papers is an affidavit by the Assistant Secretary of appellee insurance company. This affidavit is adequately identified and summarized in the appellants' brief as follows:

"Attached to the Motion for Summary Judgment is an Affidavit of Richard Woolman which states in fact:

'That the said policy of insurance issued to said Jack West and Margaret West contained a Comprehensive Family and Farm Liability Endorsement.' (Tr. 104, ll. 15-18)   Said Endorsement provided in part as follows:

'This policy does not apply: . . . C. To any act committed by or at the direction of the insured with intent to cause serious injury or damage to person or property.' (Tr. 110, ll. 51-52)"

The only other attachments to the appellee's motion for summary judgment were four of the same exhibits which the appellants had attached to their original complaint and an affidavit to the effect that one of said exhibits was genuine and authentic. Having already identified and summarized these exhibits in the summary of their own complaint, there is no reason why the appellants should be required to repeat a summary of this same evidence simply because it appears twice in the record.

(8)   Appellants filed a reply to the appellee's motion for summary judgment. Part of this reply, which requires six pages of transcript, is set out verbatim in the appellants' brief. The part which has been set out contains a concise summary of the appellants' argument against granting the motion for summary judgment.

(9)   Appellee then filed two additional affidavits from its own employees or agents and, in addition, a reply to appellants' reply. These were the only relevant documents and/or evidence which were not included in the appellants' summary statement of the record. The omission to include the reply was pointed out by the appellee in his brief, but no mention was made of these two additional affidavits by either party.

(10)   The record then indicates that oral argument was had on the motion for summary judgment and that, during this hearing, the appellants requested permission to file further material. The court allowed this additional material, and the appellants filed a three page affidavit and attached eleven supporting exhibits, all of which were correspondence between and among the appellants, their attorney, and various agents of the appellee. The pertinent parts of each of these eleven exhibits were summarized in the affidavit, and the affidavit was set out verbatim in the appellants' brief. We have set out only the first five of the twelve paragraphs of this affidavit to show how each of the supporting exhibits were summarized in pertinent part in said affidavit.

"1.   That attached hereto and made a part of this Affidavit by reference are plaintiffs' Exhibits A, B, C, D, E, F, G, H, I, J, and K.

"2.   That all of said exhibits were received by the plaintiffs from the defendant's attorney, Dale Custer, in response to plaintiffs' Motion to Produce and are parts of the file of the defendant.

"3.   That in plaintiff's Exhibit 'A', the pertinent part being underlined in red ink by plaintiff, James Mahoney, defendant's agent, directed Frank Galvin, and stated on November 7, 1963, that defendant had no idea of the amount of the suit 'Or What The Complaint Alleges' even though suit had been filed on September 11, 1963, with Summons returnable on October 7, 1963, and plaintiff, Jack West, had promptly delivered the summons and a copy of the complaint to the White Insurance Agency, defendant's agent, who had written the policy of insurance. (See Plaintiffs' Request for Admission of Facts No. 6 and Defendant's Admission No. 6 in response thereto.)

"4.   On November 11, 1963, defendant's attorney, Frank Galvin, wrote defendant and sent them a copy of the complaint. (See Plaintiffs' Exhibit 'B').

"5.   That on November 19, 1963, defendant suggested to their attorney, Frank Galvin, that he write a letter setting out the company's position. (See Plaintiffs' Exhibit 'C')."

Given the summary of these exhibits in the affidavit, it would be wasteful and purposeless to require the appellants to have written an additional summary after having set forth the entire affidavit verbatim.

(11)   The next entry in the record is the judgment in favor of the appellee, and this has been set out verbatim in the appellants' brief.

(12)   The final item in the record is the motion for new trial and a rather lengthy supporting memorandum, both of which have also been included verbatim in the appellants' summary statement of the record.

Thus, the only entries in the entire transcript which directly relate to the issues on appeal and which were not at least identified and summarized in the appropriate section of the appellants' brief were the "Appellee's Reply to Appellants' Reply to the Motion for Summary Judgment" and two affidavits filed by the appellee in support of its motion for summary judgment. It is significant that neither of these affidavits were filed with appellee's original motion and that neither of them were mentioned by either party on appeal.

The Appellate Court gave a summary of all the items in the transcript which *might* have been considered relevant by the trial court in ruling on the motion for summary judgment:

"In ruling on the motion for summary judgment, the trial court had before it the complete text of appellant's complaint to which was attached exhibits A through J, and the answer of appellee in two paragraphs. Also before the court were two affidavits and four other exhibits filed by appellee in support of its motion for summary judgment. Appellee also filed two additional affidavits after appellant filed his reply to said motion. To appellant's reply itself, an affidavit was attached and eleven exhibits." 240 N. E. 2d at 87.

Of the more than thirty different pleadings, motions, exhibits, and affidavits which *might* have been considered rele-

vant by the trial court, the appellants identified and summarized all but three of them in their summary statement of the record. The appellee only adds one of these three items to the summary in his own brief.

In view of the foregoing, it cannot be said that the appellants failed to comply with Rule 2-17. They set forth that portion of the record that they believed pertinent, and, in so doing, apparently satisfied their adversary with their thoroughness except for the one additional pleading: a reply to a reply to a motion.

In its judgment, the trial court stated that it could find "no Indiana decision directly in point on the issues presented" in the motion for summary judgment. In other words, the issues presented involve questions of law on which there is apparently no prior Indiana authority. As the Appellate Court observed in its opinion, ". . . both parties exhaustively and ably treat the issue presented by the merits of this cause. . . ." Since the questions are ones of first impression and have been adequately argued by both parties, the decision should be based on the merits and not on a procedural technicality.

In *Motorists Mutual Insurance Company* v. *Johnson* (1964), 245 Ind. 315, 198 N. E. 2d 606, this court was faced with a similar situation. The Appellate Court had dismissed an appeal because the appellant, in his brief, had failed to set out an insurance contract in its entirety. The Supreme Court reversed this decision and remanded the cause to the Appellate Court for a decision on the merits. The court reasoned:

"From the briefs filed, appellee was not bothered by the failure to incorporate the entire policy in appellant's brief.

"Appellant has set forth many cases in support of the proposition that only the substance and the pertinent parts of a contested contract need be set forth to make good-faith compliance with the rules. This is especially so where appellee made no corrections or additions.

. . .

> "The Appellate Court did not have to go any further than what was set forth in the appellant's brief to determine the issue of this case. Certainly, Rule 2-17 does not contemplate the cluttering of a brief with the many sections of a contract such as this which have no relevancy or bearing on the issues involved." 198 N. E. 2d at 607-08.

It should be remembered that this decision was made prior to the 1967 amendment of Rule 2-17 which still further simplified the procedure and relaxed the formalities required in an appellate brief.

In the case at bar, the Appellate Court dismissed the appeal using the following language to support their decision:

> "Of all the pleadings, affidavits, depositions and exhibits referred to above, only appellant's complaint, the motion for summary judgment and two affidavits are set forth in their entirety.
>
> "We are aware of the 1967 Amendment of Rule 2-17, Rules of the Supreme Court, and the liberal attitude of this court and our Supreme Court in the preparation of briefs and the duties placed upon appellees by such amendment. It is however still incumbent upon the appellant to present a brief with a *sufficient record* therein which will enable the judges of this court to intelligently review the alleged erroneous action of the trial court." (our emphasis) 240 N. E. 2d at 87-88, 143 Ind. App. at 300.

If the "suffcent record," referred to above, means that "all the pleadings, affidavits, depositions, and exhibits" which the Appellate Court deems relevant must be "set forth in their entirety" in the appellant's brief, we must disagree. In the case at bar, this would have required the duplication of over 120 pages of transcript. If the "sufficient record" referred to by the Appellate Court means that an appellant must at least identify and summarize all the record which he believes to be pertinent, then we assert that this is what the appellants have done in the instant case.

Following this court's decision in *Motorists Mutual* v. *Johnson*, we remand this cause to the Appellate Court for further proceedings and a decision on the merits.

Rehearing granted.

Cause remanded to Appellate Court.

Arterburn and Jackson, JJ., concur.

Givan, J., dissents with opinion in which DeBruler, C.J., concurs.

## REHEARING ON PETITION TO TRANSFER

GIVAN, J.—I dissent from the majority opinion for the following reasons: I have carefully examined the appellants' brief which was filed in the Appellate Court and have studied Judge Faulconer's opinion.

Upon examining the brief, I fail to find any mention of or even a summary of one of the two affidavits filed by the appellee in support of its motion for summary judgment. I find no mention of or any summary of the content of four exhibits which were filed with appellee's motion for summary judgment.

I do not find any mention of or any summary of the content of two additional affidavits filed by the appellee after the appellant had filed his reply to the motion for summary judgment.

I, therefore, agree with the opinion written by Judge Faulconer. I do not see how the Appellate Court or this Court could pass upon the Trial Court's decision on the motion on summary judgment without having examined the foregoing items which are totally absent in appellants' brief.

I would, therefore, deny transfer.

DeBruler, C. J., concurs in dissent.

NOTE.—Reported in 247 N. E. 2d 90.