FENDER, ADMX. *v.* HERALD-TIMES, INC., ET AL.

[No. 569A78. Filed November 5, 1969. No petition for rehearing filed.]

*McCrea & McCrea*, of Bloomington, and *Vernon J. Petri*, of Spencer, for appellant.

*Baker, Barnhart, Andrews & Baker*, of Bloomington, for appellees.

PER CURIAM.—We now consider appellee-Herald-Times' motion to dismiss this appeal or in the alternative, to affirm the entry below, of a "partial summary judgment." The motion, the briefs in support thereof and the brief in opposition thereto, squarely present the question of appealability of the "partial summary judgment" in favor of defendant-appellee, Herald-Times.

A short summary of the facts in this cause as revealed by the pleadings and the materials supporting and opposing the motion for summary judgment will afford brevity herein.

Plaintiff's decedent (husband) was killed when the motorcycle he was riding struck a car being driven by defendant-Summitt.[1] At the time of the accident, Summitt was engaged in the rural delivery of evening newspapers published by defendant, Herald-Times. It was the procedure of Herald-Times

---

[1] Defendant-Summitt is only a nominal party to this appeal.

to execute contracts with drivers for the rural delivery of newspapers. Summitt's sister, one Mrs. Hughes, had entered such a contract with the Herald-Times and at the time of the accident herein, Summitt was making deliveries on behalf of her.

Plaintiff filed a complaint in two paragraphs which alleges that Summitt was driving upon the wrong side of the road at the time plaintiff's decedent hit Summitt's car.

The first paragraph of complaint alleges liability of defendant, Herald-Times, under a theory of *respondent superior* and the second, liability of both defendants under a theory of direct common law negligence. After closing of the issues by answers to the complaint and plaintiff's reply thereto, defendant, Herald-Times moved for summary judgment as to each paragraph of complaint. The motion was supported by the contract executed by Herald-Times and Mrs. Hughes and the affidavit of Herbert Allen, Circulation Manager of Herald-Times. Plaintiff opposed the motion and in support, filed four depositions.

Defendant, Herald-Times asserts by way of its motion for summary judgment that at the time of the accident, Mrs. Hughes was an independent contractor; that defendant-Summitt was working directly for her; that there is no genuine issue as to either of these facts; and, that defendant, Herald-Times could not, as a matter of law, be charged with liability under the doctrine of *respondeat superior*.

The trial court sustained the motion for summary judgment as to the first paragraph of complaint and denied the motion as to the second paragraph. The court thereafter entered formal judgment as follows:

"Court having heretofore had under advisement the ruling upon motion of the defendant, Herald-Times, Inc., for summary judgment now finds for said defendant, Herald-Times, Inc., on the motion of said defendant for summary judgment as to Paragraph I of plaintiff's 4th amended complaint and against said defendant as to Paragraph 2 of plaintiff's

4th amended complaint and renders judgment for the defendant, Herald-Times, Inc., on paragraph 1 of plaintiff's 4th amended complaint."

Plaintiff attempts to appeal from that judgment and upon consideration of appellee, Herald-Times' motion to dismiss, we must decide if said judgment is appealable.

Burns', § 2-2524(d) was adopted verbatim from The Federal Rules of Civil Procedure, Rule 56(d). Rule 56(d) of the Federal Rules, does not operate in a vacuum, but in context it is complimented by other rules in the Federal Code.

Professor Moore, in his treatise on The Federal Rules of Civil Procedure[2] states that under Rule 56(d), the phrase "partial summary judgment" is a misnomer, but is properly to be termed "interlocutory summary adjudication."

Burns' § 2-2524(d), is identical with Rule 56(d) and reads as follows:

"Case Not Fully Adjudicated on Motion. *If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary,* the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. *It shall thereupon make an order* specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly. (Our Emphasis)

Subsection (d), above contemplates that unless judgment is rendered upon the whole case pursuant to a motion for summary judgment, the court should enter an *order* (not a judgment) setting for trial, *only* those issues actually controverted. Such *order,* under Burns' § 2524(d) is interlocutory in character.

---

[2] Moore's Federal Practice, Vol. 6, ¶ 56.20[3.1].

Rule 54(a) and (b)[3] complements the provisions of Rule 56(d). Rule 54(a) of The Federal Rules defines the word "judgment" as a "decree and any order from which an appeal lies."

Rule 54(b) of The Federal Rules must be read in connection with Rule 56(d). Under the Federal Rules, when a motion for summary judgment is filed which seeks an adjudication of fewer than all the claims or parties the decision entered thereon is presumed interlocutory in character and non-appealable, *unless* the district court expressly determines "that there is no just reason for delay" and expressly directs the entry of judgment.

For a good case on the interplay of Rules 56(d) and 54(b) of The Federal Rules of Civil Procedure, see *Backus Plywood Corp.* v. *Commercial Decal, Inc., et al.* (C.C.A. 2d, 1963), 317 F. 2d 339.

As we construe Burns' § 2524(d), the *order* entered pursuant thereto, serves the function of limiting and formulating the issues for trial and such an order being interlocutory in character, is not appealable except by statutory authority.[4]

---

[3] "(a) Definition; Form. 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.

"(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. As amended Dec. 27, 1946, eff. March 19, 1948; Apr. 17, 1961, eff. July 19, 1961."

[4] Indiana: Burns' Ind. Stat. Ann., § 2-3218.
Federal: 28 U.S.C.A., § 1292(a); *New Amsterdam Cas. Co.* v. *B. L.*

The Federal Courts have clearly recognized that there is no authority in the Federal Rules for entry of a summary judgment for a portion of a claim.[5]

The court below erroneously entered summary judgment for appellee-Herald-Times as to the first paragraph of complaint upon the decision that Herald-Times could not be held liable under the theory of *respondeat superior,* Such decision should not have been the subject of a judgment, but of an interlocutory order as contemplated by Burns' § 2524(d), limiting the issues for trial. Said interlocutory order, would in our opinion, be subject to modification by the trial court at any time before entry of final judgment.

Although our present Civil Code does not contain provisions such as are found in Rule 54(a) and (b) of The Federal Rules of Civil Procedure, our case law is quite authoritative in complementing Burns § 2524(d). In the case of *Pokraka et al.* v. *Lummus Co.* (1952), 230 Ind. 523, at 528, 104 N. E. 2d 669, at 671, our Supreme Court stated:

> "It is not presumed that the court will dispose of a case piecemeal by entering successive final judgments, and a judgment is not final unless it determines the rights of the parties in the suit, or a distinct and definite branch thereof, and reserves no further question or direction for future determination. (Citations omitted)
>
> "Appellants were not harmed nor were any of their rights prejudiced under the circumstances herein, and while we do not here propose to change the rules 'in the middle of the game' it is our considered opinion that where, as here, issues of fact are joined on a complaint of two or more paragraphs, and trial is by the court and during the trial the court, at different times, makes and enters separate decisions on any one or more of said paragraphs of complaint, there should be, at the discretion of the aggrieved party, but one motion for a new trial which can be filed at any time within thirty days from the date on which the last of such decisions is entered. This rule should apply whether said

*Jones & Co.* (C.C.A. 5th, 1958), 254 F. 2d 917; Moore's Fed. Prac., Vol. 6, ¶ 56.20[4].

[5] *Biggins* v. *Oltmer Iron Works* (C.C.A. 7th, 1946), 154 F. 2d 214; *Coffman* v. *Federal Laboratories, Inc.* (C.C.A. 3rd, 1948), 171 F. 2d 94.

paragraphs of complaint state separate and distinct causes of action or are the statement of different theories of the same cause."

It is our considered opinion that the purported summary judgment entered below was not a final judgment as it did not determine all of the rights and liabilities of the parties in a distinct or definite branch of the law suit. The court below should not have entered a formal judgment as to the first paragraph of complaint when there was a second paragraph to be tried. It should have entered an interlocutory order as contemplated by Burns' § 2524(d).

For the foregoing reasons, it is our opinion that the summary judgment entered below was not a final appealable judgment, but interlocutory in character and that appellee, Herald-Times' motion to dismiss should be affirmed. In so ruling, we do not purport to pass upon the merits of this cause as to whether or not the trial court erred in entering a summary interlocutory adjudication upon the first paragraph of complaint. Such predicated error may be specified upon appeal, if appellants so determine, from the final judgment in this cause.

Appellee's motion to dismiss is sustained. Costs v. appellants.

NOTE.—Reported in 251 N. E. 2d 843.