JACK WEST ET AL. *v*. INDIANA INSURANCE COMPANY.

[No. 20785. Filed December 9, 1970.]

*Walter Nowicki, Edward J. Raskosky, George Kohl, Paul K. Gaines,* all of Hammond, for appellants.

*Dale E. Custer, Stults, Custer & Kusman,* of Gary, for appellee.

CARSON, J.—This appeal comes to us from the Newton Circuit Court to which the cause was venued from the Lake Superior Court. Appellants-assureds appeal from the entry of summary judgment for defendant-appellee in a suit by appellants-assureds, to recover the costs of defending a tort action which appellants claim appellee-insurer should bear. On September 19, 1968, this court dismissed the appeal for what we considered a failure on the part of appellants to comply with the provisions of prior Rule 2-17, Rules of the Supreme Court of Indiana. *West* v. *Indiana Insurance Co.* (1968), 143 Ind. App. 298, 240 N. E. 2d 86. Upon petition to transfer from said dismissal, the Supreme Court, in a three to two decision,

held that appellants had substantially compiled with Rule 2-17, *supra;* reinstated the appeal and remanded the cause to this court for a decision on the merits. *West* v. *Indiana Insurance Company* (1969), 253 Ind. 1, 247 N. E. 2d 90. Pursuant to said order of remand, we write the following decision on the merits of this cause.

A brief summary of the facts preceding the commencement of this action will lend clarity to a discussion of the legal principles involved.

On July 22, 1963, appellants Jack and Margaret West owned a tavern in Hammond, Indiana. On said date, Jack West was tending bar and entered into a scuffle with one of the tavern's customers, Milton R. Cummings. As a result of said scuffle, Cummings received bodily injury. At the time of the incident, appellants were under the coverage of an "Owners', Landlords' and Tenants' Liability Policy" issued by appellee-Indiana Insurance Company. Thereafter, on or about September 11, 1963, Cummings instituted a suit in the Lake Superior Court against Jack West alleging assault and battery. Appellants alleged in their complaint that immediately upon receiving service of summons in the Cummings' suit, Jack West transmitted a copy of the summons and the Cummings' complaint to appellee's agent and sought the assistance of appellee in defending the suit. After approximately nine months, during which appellee neither requested nor received a reservation of rights, West was formally notified by appellee, on June 19, 1964, that it had no obilgation under the terms of the policy to defend the suit instituted by Cummings. Thereupon, appellant, Jack West, by independent counsel successfully defended the Cummings suit. By means of the action at bar, appellants seek remuneration from appellee for costs incurred in defending the Cummings' suit. Appellants' complaint alleged that Indiana Insurance Company breached the insurance contract, that it was guilty of negligence and bad faith, and that the actions of appellee, through its agents, served to estop appellee from denying the duty to defend.

To appellants' complaint, appellee filed an answer in two paragraphs, the first being an admission and denial under prior Rule 1-3, Rules of the Supreme Court of Indiana, and the second alleging that under the terms of the policy, appellee had no obligation to defend.

Subsequent to the filing of its answer, appellee moved for summary judgment upon the entire cause. Thereafter, the court sustained appellee's motion for summary judgment and entered judgment accordingly. Although appellants timely filed a motion for a new trial, it is surplusage in this instance and every alleged error specified therein is stated in appellants' assignment of errors, which reads as follows:

"1. The court erred in overruling the Appellants' Motion for a New Trial.

"2. The court erred in overruling the Demurrer of the Appellants, Jack West and Margaret West, to the Appellee's, Indiana Insurance Company, an Indiana Corporation, verified Motion to Set Aside Default Judgment.

"3. The court erred in sustaining the Motion for Summary Judgment of the Appellee, Indiana Insurance Company, an Indiana Corporation.

"4. The court erred in sustaining the Motion for Summary Judgment of the Appellee, Indiana Insurance Company, an Indiana Corporation, and in entering judgment in favor of the Appellee.

"5. The decision of the court is contrary to law.

"6. The decision of the court is not sustained by sufficient evidence."

As the motion for a new trial is surplusage, assigned error numbered "1" presents nothing for our consideration. Likewise, assigned error numbered "2" is not briefed or argued by appellants and is, therefore, waived. Rule 2-17 (h), Rules of the Supreme Court of Indiana. The remaining assignments of error adequately serve to present the questions argued and briefed by appellants.

Appellants' key contention is that if there is a genuine issue as to any material fact, the court below improvidently granted

appellee's motion for summary judgment upon the entire case. We agree with this contention of appellants. The prior summary judgment statute, Acts 1965, ch. 90, § 1, p. 126, Ind. Stat. Anno., § 2-2524(c), Burns 1968 Repl., under which the judgment below was entered, provides, in pertinent part, as follows:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no *genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." (Emphasis supplied.)

Likewise, where the case cannot be completely adjudicated upon a motion for summary judgment, the trial court should enter an *order* specifying those material facts which it deems uncontroverted and directing further proceedings as to the facts which invoke a genuine issue.[1]

Acts 1965, ch. 90, § 1, p. 126, Ind. Stat. Anno., § 2-2524(d), Burns 1968 Repl., provides as follows:

> "Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Appellants contend that this action against appellee proceeds on various theories of recovery, to-wit: Breach of contract; equitable estoppel or laches; and negligence or bad faith, all

---

1. See: *Fender* v. *Herald-Times, Inc.* (1969), 145 Ind. App. 575, 251 N. E. 2d 843.

of which theories appellants maintain encompass genuine issues of fact.

## APPELLEE ESTOPPED TO ASSERT LACK OF DUTY UNDER TERMS OF POLICY.

Appellants, in rhetorical paragraph 28 of their complaint, allege the following:

"That if defendant had exercised ordinary care and not acted in bad faith instead of leaving plaintiffs believe that they would be represented by defendant, plaintiffs could have hired a lawyer prior to suit having been filed by Milton R. Cummings and probably have deterred said suit from having been filed. Yet defendant lured the plaintiffs into a false service [sense] of security by leading the plaintiffs to believe that they would be protected from the groundless claim of Milton R. Cummings. That defendant knew then, that is on July 26, 1963, that if in fact Jack West had been guilty of assault and battery, they would not defend him yet they led him to believe and in fact negligently represented to him that they were investigating the claim and would continue to do so without any request for a waiver of rights or warning to plaintiffs that they would not represent them."

Appellants further alleged in their complaint that immediately after the Cummings' complaint was served upon Jack West (on or about September 1, 1963), a copy thereof was transmitted to appellee. Appellants contend that upon receipt of said copy by appellee, the appellee had sufficient information upon which to base its contention that appellee had no duty to defend. Instead, appellee waited until June 19, 1964, to so inform appellants of appellee's position.

This allegation of fact is supported by an affidavit of appellant's attorney, Mr. Raskosky, which affidavit was filed in opposition to appellee's motion for summary judgment. To the contrary, however, appellee, in support of its motion for summary judgment, filed the affidavit of Mr. James Mahoney, who stated that in the latter part of August, 1963, he attended a meeting between Mr. West and appellee's agent, a Mr. White, at which meeting Mr. White informed Mr. West that under

the terms of the policy, appellee had no duty to defend the Cummings' suit. Since our position is that appellee was estopped to assert a lack of duty to defend, we are not required to pass on whether or not such a duty existed.

It is well settled that the doctrine of estoppel extends to those provisions of an insurance policy which serve to absolve an insurer of liability. *Travelers Insurance Company* v. *Eviston* (1941), 110 Ind. App. 143, 37 N. E. 2d 310. See also: *Nat. Mutual Ins. Co.* v. *Bales* (1924), 81 Ind. App. 302, 139 N. E. 703; *Motorists Mut. Ins. Co.* v. *Johnson, Admrx.* (1966), 139 Ind. App. 622, 218 N. E. 2d 712.

In our opinion there appears not only from the formal allegations of the pleadings, but from a reading of the affidavits filed in support and in opposition to the motion for summary judgment, a genuiue issue of fact relating to the question of estoppel herein.

By virtue of appellee's answers to appellants' requests for admission, it appears uncontroverted that appellee did refuse to defend Jack West and the trial court, by implication, properly so concluded.

As the record reveals a genuine issue of estoppel, we hold that the trial court improperly granted summary judgment against appellants upon the entire case. We, therefore, reverse this cause and remand the same to the Newton Circuit Court with instructions to enter an order specifying those facts which are, consistent with this opinion, deemed uncontroverted and directing further proceedings as to those issues of fact genuinely controverted.

Judgment reversed and cause remanded with instructions.

Lowdermilk, C.J., and Sullivan, J., concur; Lybrook, not participating.

NOTE.—Reported in 264 N. E. 2d 335.