KRUZICK *v.* KRUZICK ET AL.

[No. 18,492. Filed March 30, 1954.]

366

*John B. Dilworth,* of LaPorte, for appellant.

*Paul E. Reed,* of Knox, and *Lester L. Wilson,* of Winamac, for appellees.

ROYSE, J.—Appellant brought this action to quiet her title to a certain tract of land in the town of Winamac, Pulaski County. The complaint averred appellant was the owner in fee simple of the described property as the heir of George Kruzick, deceased; that for more than twenty years appellant, her ancestor, and his grantors had been in open, notorious, hostile and adverse possession of the property; that because of certain irregularities in the office of the Recorder of Pulaski County, and uncertain, indefinite and ambiguous descriptions of said property, some doubt may arise or be alleged as to the complete validity of appellant's title; that any such doubt is without foundation in law or equity, and that she is the sole owner of said real · estate. It is then averred appellee, John Kruzick (hereinafter the term "appellee" shall apply to him), who

owns the property to the northeast of appellant's land, ignored the boundary between said properties, encroached on her property and erected thereon a certain structure and now claims some interest in her property. It then denies the alleged claim of appellee.

To this complaint appellee filed an answer in three paragraphs. The first, admission and denial under the rules. The second averred appellant's ancestor acquired this land by deed dated December 16, 1931. Said deed described the land as described in appellant's complaint; that appellee acquired his land by deed dated February 20, 1923; that about May 1, 1940 a dispute arose between appellee and appellant's ancestor as to the location of the boundary line between said tracts of land at the point where they abut; that said boundary line was unascertained and is unascertainable because the lands of both parties are described with reference to a monument which no longer exists and cannot be relocated. Further, that said boundary line is described as following a mill race which is no longer in existence and is filled to the extent its location cannot now be determined; that about said last mentioned date, the parties agreed as to the location of said boundary line; that ever since said date appellant or her ancestor has been in possession of the property on the south of said line and appellee in possession of the property to the north thereof and neither have been in possession or claimed right to the land of the other across said boundary line.

The third amended paragraph of answer, in addition to the averments of the second paragraph, further avers that relying on said agreement appellee erected a home on the land lying north of said boundary line; that appellant's ancestor assisted in the erection of said home by performing work and labor thereon; that at no time thereafter and during the erection of said home did he

protest or advise appellee that the same was being erected on land owned by him.

Appellee also filed a cross-complaint which repeated the averments of the second and third paragraphs of answer and then averred the boundary line alleged in appellant's complaint is not the correct boundary line between said properties, but if the court should determine it was the correct boundary line, appellant would be unjustly enriched by the value and extent of said improvements in the amount of $25,000.00; that the value of said land before said improvements was $250.00 and offered to pay said sum into court for the use of appellant.

The issues were closed by reply and answer of appellant to the two paragraphs of answer and cross-complaint.

Trial to the court resulted in judgment in favor of appellee on appellant's complaint and in favor of appellant on appelee's cross-complaint.

The error assigned here is the overruling of appellant's motion for a new trial. Appellee has not assigned cross-errors.

There are two specifications in the motion for a new trial: 1. The decision is contrary to law; 2. Error of law occurring at the trial in the admission of certain evidence. This latter specification presents no question because the questions, objections and rulings of the court are not set out in the motion. *Rogers Cartage Company* v. *Peglow et al.* (1952), 122 Ind. App. 481, 106 N. E. 2d 235, and authorities there cited.

Appellant in her brief set out nine propositions under the title "Propositions and Authorities." These we may not consider under Rule 2-17 (e), Rules of the Supreme Court of Indiana. However, under the argument por-

tion of her brief she does present the question of whether the decision and judgment of the trial court denied her relief to which the record discloses she was entitled under the law.

In this case it was incumbent on appellant to prove by a fair preponderance of the evidence that she was entitled to have her title quieted to the land described in her complaint.

We have carefully examined the evidence as set out in the briefs of the parties. Appellant's own witness, an engineer, could not say that in a survey he made of the properties of the parties the description he made of appellant's property was the same as the property described in her complaint. It would serve no good purpose to set out a summary of the evidence in this case. In our opinion it does not conclusively show appellant as a matter of law was entitled to relief denied by the judgment of the trial court.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 2d 376.