SCOTT *v.* PANDELL ET AL.

[No. 18,530.    Filed March 30, 1954.
Rehearing Denied May 14, 1954.]

*Charles Mendenhall*, of Indianapolis, and *Neal & Neal*, of Noblesville, for appellant.

*Herbert M. Spencer*, of Indianapolis, and *Christian & Waltz*, of Noblesville, for appellee.

ROYSE, J.—Appellees are the owners of certain residential property on North Capitol Avenue in the City of Indianapolis. Appellant owns the property immediately south of appellees' property on said street.

Appellees brought this action for an injunction to prevent appellant from interfering with the erection of a division fence between these properties. The material allegations of the complaint may be summarized as follows:

For many years a fence has existed between the property of the parties along a division line established by the surveyor of Marion County on October 30, 1937; that on November 28, 1939, in the case of Rose E. Scott v. Kate L. Landes in the Marion Superior Court, title was quieted in said Kate L. Landes against Rose E. Scott in the real estate described as owned by appellees with the southern division boundary as established by said survey; that appellees purchased the property from said Kate L. Landes; that the division fence on said line is, in a state of disrepair; that appellees purchased fencing materials and entered into a contract to erect a new fence upon said division line; that in February, 1953, workmen began to erect a new fence thereon and appellant wrongfully, without leave or consent, forcibly pulled up posts and forcibly interfered with and prevented said workmen from continuing with the erection of said fence; that appellant is wrongfully threatening to prevent the erection of said fence and will, if not restrained and enjoined, continue to interfere with the erection of said fence to the irreparable injury and great damage of appellees; that

said acts of appellant are a continuing injury and interference with the rights of appellees and unless appellant is restrained from carrying out such threats appellees will suffer substantial injury for which plaintiffs have no adequate remedy at law. Concluded with prayer for permanent injunction and damages of $1,000.

To this complaint appellant filed answer of admission and denial under the rules. She also filed cross-complaint, the material allegations of which may be summarized as follows: Appellees are threatening to trespass on her property by the erection of a fence, if not restrained and enjoined from doing so; that an emergency exists for the immediate issuance of a restraining order against appellees and, upon hearing, a permanent injunction.

Appellees filed answer of admission and denial under the rules to the cross-complaint. Trial to the court resulted in judgment in favor of appellees on their complaint and against appellant on her cross-complaint. Appellant was permanently enjoined from interfering with the erection of a fence on the line described.

The error assigned here is the overruling of appellant's motion for a new trial. The specifications of that motion relied on here are: The decision is not sustained by sufficient evidence and is contrary to law; and error in refusing to admit certain evidence.

Appellant in her brief has set out six specifications under the heading "Propositions, Points and Authorities". These we may not consider under Rule 2-17(e), Rules of the Supreme Court of Indiana.

Under the heading "Argument" appellant contends that evidence of a survey made by the Marion County Surveyor in 1937 of this property was not binding on the parties because the ten days notice required by the statute, §49-3311, Burns' 1951 Replacement, was not given appellant. An examination

of the record discloses appellant did not make the objection urged here that she made in the trial court when this evidence was offered. Therefore, no question is presented on this matter.

Appellant next contends that under the provisions of §30-202, Burns' 1949 Replacement, because her property lies south of appellees' property she had the right to build the east half thereof and by the injunction herein she was denied that right. The section of the statute relied upon by appellants applies only to lands which lie outside the corporate limits of any city or town.

Appellant also contends the complaint herein shows no grounds for "a preliminary injunction let alone a permanent one." She did not raise this question in the trial court and it cannot now be raised here.

There was introduced in evidence a certified copy of a judgment of the Superior Court of Marion County of November 28, 1939 quieting the title of appellees' predecessor in title to the real estate upon which these appellees attempted to build the fence. This judgment was never appealed from, is in full force and effect, and is binding on the parties hereto.

There was evidence in this case that appellant interfered with appellees' right to build a fence and threatened to use violence if the work was continued. The trial court did not err in refusing to admit evidence of a conversation in 1927 between appellant and appellees' predecessor in title. Such evidence could not modify or effect the judgment referred to above.

We are of the opinion the injunction was properly issued.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 2d 372.