W. H. NICHOLS & COMPANY, INC. *v.* DAY ET AL.

[No. 19,367. Filed June 30, 1961.]

*Curtis C. Plopper,* of Boonville, for appellant.

*Robert J. Hayes, Carrol F. Dillon,* both of Evansville, and *Ford Gale Lacey,* of Boonville, for appellees.

PFAFF, C. J.—While appellees urge that appellant has presented no question here by reason of failure to comply, in certain respects, with Rule 2-17 of the Supreme Court in the preparation of its brief, we prefer, whenever possible, to decide appeals upon their merits. Appellant's brief is such that we have no difficulty in ascertaining the questions presented.

Appellant has been hired as a contractor to construct the railroad yards and lines, including tracks and switches, at the Warrick Works of the Aluminum Company of America. The parties hereto entered into an oral agreement whereby appellees were to do the surveying work for the appellant which was necessary to determine the location of the tracks, their elevation, and the grades over which they were to be placed. Appellees were to do this work for $.144 per lineal foot of lines staked. Appellees thereafter staked 58,435.9 lineal feet, and their right to compensation at the agreed rate for this work is not questioned.

In the course of the work of laying ballast many of the stakes were covered and others were accidentally dislodged by workmen. The stakes were off-set from the line of the tracks in some places, but where there were a number of adjacent tracks to be laid the stakes were placed in the center line. Following the burying of stakes and the dislodging of some of them, appellees

restaked a total of 15,598 feet. They had originally staked 58,435.9 feet, submitted a bid for 73,033.9 feet and were paid on the basis of 56,619.9 feet. Appellant does not think it should pay for this restaking and states that if the staking had been accomplished by the off-set method throughout, as it directed, instead of the center of the tracks, no restaking would have been necessary.

Appellees introduced evidence to the effect that at the time of entering into the agreement off-set staking was discussed, but it was decided that they were to use their own judgment; that during a part of the work there were several adjacent tracks being constructed and, because of their proximity, the off-set staking method could not be used; that appellant's superintendent on the job thereupon instructed appellees to stake in the center of the proposed tracks.

The evidence is in conflict, and we must accept for the purpose of this appeal the evidence most favorable to the judgment of the trial court. Such evidence sustains the trial court's decision, and we find no error in the assessment of the amount of recovery. The record discloses that the number of feet of staking done, at the agreed price, less payments made, exactly equals the amount of the judgment.

We find no error, and the judgment is affirmed.

Bierly, Gonas and Kelley, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 893.