O'NEAL ET AL. *v.* DEVENY ET AL.

[No. 19,575. Filed December 5, 1963.]

*Mellen & Mellen,* of Bedford, for appellants.

*Seal & Seal,* of Washington, and *Derexa Savage,* of Jasper, for appellees.

CARSON, C. J.—This is an appeal from the Dubois Circuit Court growing out of an action filed by the appellees against the appellants to recover a sum of money alleged to be held by the appellant, Catherine O'Neal, for the use and benefit of the appellees, and to restrain the appellant, The Union Bank of Loogootee, from paying out said sum of money from the appellant, Catherine O'Neal's pending determination of the issues by the court.

The issues were made by the appellees' amended complaint and the answer under Rule 1-3 of the Supreme Court of Indiana by the appellants, a reply in three paragraphs by the appellees, and fourth paragraph of

answer by appellants, the same being an answer to part of the appellees' reply. The cause was tried by the court without the intervention of a jury.

The trial court made its findings and entered consistent judgment in favor of the appellees; that $7,757.10 of the money on deposit was the property of the appellees; that she pay such sum to the clerk of the Dubois Circuit Court; that the Union Bank of Loogootee release said sum; that the appellees recover judgment on their complaint in the amount of $7,757.10 together with costs. Said judgment was tendered on April 19, 1960. On May 19, 1960, the appellants filed their motion for new trial which specified 58 errors.

Following this on the 28th day of October, 1960, the appellants filed their assignment of errors in this court specifying six grounds which read as follows:

"1. The trial court erred in overruling appellants motion to strike out parts of the amended complaint.

2. The court erred in overruling appellants motion to require the appellees to make their amended complaint more definite, specific and certain in each of the particulars set out in said motion.

3. The court erred in sustaining appellees' verified motion filed during the course of the trial for an order directing appellant, Catherine O'Neal to produce into court at the resumption of the trial the instrument identified as being signed by William L. Bennett and exhibited to certain of the appellees on June 2, 1958, at the home of said appellant following the funeral of said William L. Bennett.

4. The court erred in ordering appellants to produce at the further hearing of this cause on January 19, 1960, the instrument referred to as executed by William L. Bennett and exhibited by appellant, Catherine O'Neal, to appellees in her home on June 2, 1958.

5. The court erred in overruling appellants' written motion to strike out the testimony of each

of the witnesses, John Bennett, Margaret Deveny, Clement Bennett, Frances Briles and Isidore Bennett, as to a certain paper purported to be signed by William L. Bennett directing Catherine O'Neal to divide the Building and Loan Deposit equally between all of his children except Isidore Bennett, which paper each of said witnesses claimed to have seen and read at the home of Catherine O'Neal following the funeral of William L. Bennett, and to strike out the testimony of each of said witnesses as to the contents of said paper.

6. The court erred in overruling appellants' motion for a new trial."

An examination of the argument portion of the appellants' brief indicates that specifications one and two are waived.

In considering specifications five and six we find one general authority cited with very limited application to point five and no authorities are cited with reference to proposition number six.

The failure of the appellant to properly apply the authority to the proposition of law as to point five and his complete failure to cite any authority as to point six constitutes a waiver of the claimed errors as to these two points. *Poore* v. *Poore* (1955), 125 Ind. App. 392, 125 N. E. 2d 810.

This court has repeatedly held that the argument portion of the appellants' brief must affirmatively show harmful error and not merely cast before this court certain general contentions in abstract and incomplete legal pronouncements, with the apparent expectation that this court will rummage through the evidence and decree of the trial court in quest of a suggested ground or reason for reversal. After the appellant sets forth an error upon which he desires this court to reverse he should follow it by a concise state-

ment of the basis of the objection to the complained of ruling, together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed. *Stadium Realty Co.* v. *Bill Anderson Spring Service, Inc.* (1963), 134 Ind. App. 383, 188 N. E. 2d 547. *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134. *Wyman* v. *Turpan* (1962), 133 Ind. App. 135, 179 N. E. 2d 758.

Assignments of error numbers three and four remain for our consideration. Both of these assignments are directed to the same action of the trial court namely the production of a written instrument which appellees contend was exhibited to certain of them on the 2nd day of June, 1958, following the death of William L. Bennett, the father of the appellant and the appellees.

From our examination of the record we concluded that the appellant had by her pleadings denied possession of the instrument in question, she did not produce it in compliance with the order of the court, and no action was ever taken by the court against the appellant for appellant's failure to comply with the order. The pleadings were before the court and it would have been a vain thing for the court to move against the appellant for her failure to produce the instrument in question when by her pleadings the appellant had indicated the instrument was not in her possession. While the action of the trial court in sustaining the motion of the appellees in requesting the production of the instrument in question was out of proper order, it did not result in harmful error. The appellant could not have complied with the order, which fact had been shown by her pleadings, and the evidence which the appellant objects to would therefore have become admissible. This court has previously held that

where a fact has been expressly admitted by the pleadings it need not be proven. *Walters* v. *Cantner* (1945), 223 Ind. 263, 270, 60 N. E. 2d 138; *Robbins* v. *Nat. Veneer & Lumber Co.* (1949), 120 Ind. App. 213, 216, 88 N. E. 2d 773. The error therefore if any was not prejudicial to the appellant.

Judgment affirmed.

Clements, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 194 N. E. 2d 413.