VANDERKOOI *v.* ECHELBARGER.

[No. 30-947. Filed April 4, 1968.]

*Tague & Smith,* of Brookville, and *Greeley Gay,* of Versailles, for appellant.

*Alan H. Lobley; Ice, Miller, Donadio & Ryan,* of Indianapolis, and *Himelick & Himelick,* of Connersville, for appellee.

ARTERBURN, J.—This is an appeal from a judgment holding the appellant in civil contempt. It grew out of a controversy among the heirs over property involved in the estate of Ross M. Cramer, deceased. Judgment was entered on July 15, 1965 in the Fayette Circuit Court in the probate matter, holding that Janet Echelbarger was entitled to all the real and personal property of said decedent, and that it was impressed with a trust for the benefit of said Janet Echelbarger.

The court thereupon appointed John H. Himelick trustee, to collect the property and money of said estate. The information in the contempt proceedings recites that following the appointment of the trustee, Lillian Cramer, the appellant herein, contemptuously defied the order and judgment of the court

and wilfully refused to deliver any of the property; that the said trustee demanded the property and asked said appellant what she was doing at the home of said decedent, and she said she was removing all the personal property from said home and farm of said decedent and refused to turn the property over to said trustee. The court, after hearing evidence, found the appellant guilty of contempt and ordered:

> "It appearing to the Court that the judgment on contempt heretofore entered, and on which motion for new trial was denied on January 7, 1966, inadvertently contained transposed sentences and other incorrections, the Court now, on its own motion, corrects and amends said judgment as of January 7, 1966, as follows:
>
> "The Court having heard evidence and argument of counsel and then having taken the matter under advisement, and now being fully advised, finds that the defendant, Lillian Cramer Vanderkooi, be guilty of civil contempt of this Court as charged.
>
> "It is further ordered that said defendant may purge herself of such contempt by returning to the petitioner, not later than November 30, 1965, all personal property owned and held by Ross M. Cramer at the time of his death, which said defendant has removed from the Cramer farm, including, but not limited to, the following items: TV antenna, lumber, 10″ panels, extension ladders, pitch forks, power mower, chicken feeders, safe, tools, family Bible, electric power saw, drills, small hay troughs and oil barrels.
>
> "It is further considered and adjudged by the Court that said defendant be fined the sum of Fifty ($50.00) Dollars for the benefit of the plaintiff, and that she be imprisoned in the County Jail of Fayette County for thirty (30) days upon failure to comply with this injunction; or upon said defendant purging herself of such contempt by returning to the petitioner not later than the time fixed herein all said personal property, that said fine and sentence be suspended."

The only issues before us arise as a result of the overruling of the motion for a new trial which specified that the finding of the court is not sustained by sufficient evidence and is contrary to law. Appellant attempts to raise an issue with reference to a *nunc pro tunc* entry made by

the court correcting its judgment of contempt, following the filing of the motion for a new trial. However, the appellant does not set up such claimed error as a specification in the assignment of errors, which would have been the proper method to raise such issue for consideration on appeal, since the complained of act occurred subsequent to the filing of the motion for a new trial. (Supreme Court Rule 2-6.)

This leaves us with the consideration, therefore, of error assigned under the motion for a new trial. Appellant in her brief under "The finding is not sustained by sufficient evidence" first urges that the order directing the appellant to turn over the property was indefinite and uncertain, and cites *Privett* v. *Pressley, Sheriff, et al.* (1878), 62 Ind. 491, and quotes therefrom. We have examined this case. It is a *habeas corpus* case and was not a contempt proceeding. In this case the order, in our opinion, is sufficiently specific in the contempt proceeding, setting out in detail the major items which should be returned.

The appellant next argues under this assignment that there was no showing that the trustee qualified by giving bond. On the other hand, we find in 28 I. L. E., *Trusts* (1960), § 114 the following statement:

"As a general rule one appointed trustee need not furnish bond unless required by the trust instrument or statute or by the court."

It is further stated thereunder:

"However, the question whether a trustee should give a bond in such cases is addressed to the discretion of the court, and by virtue of its inherent jurisdiction over trust estates the court may require the execution of a bond for the faithful administration of the trust." [Cases cited]

In the case before us, whether or not the court saw fit to require a bond is not revealed by the record brought up by the appellant in her brief.

It is further contended that it was not contemptuous for the appellant to refuse to surrender the property to the trustee, citing *In re Savage Credit Co.* v. *Talcott* (1938), 213 Ind. 228, 12 N. E. 2d 141. An examination of that case shows that it turned upon the evidence offered to support the contempt judgment, the court finding that the person held in contempt was rightfully in possession of the property and therefore was not guilty of contempt.

Finally it is urged that the verified Information was not formally introduced in evidence. However, the appellant fails to set forth the evidence in her brief. The appellee presents in an appendix to her brief the oral testimony taken at the trial, to which the appellant in her reply brief makes no particular response. We find that this evidence in general supports the allegations of the verified Information.

The primary object of a civil contempt proceeding is to coerce action for the benefit of an aggrieved party who has been injured by wilful and intentional interference with a court proceeding. *Duemling* v. *Ft. Wayne Community Concerts, Inc.* (1963), 243 Ind. 521, 188 N. E. 2d 274.

The appellant's briefs submitted in this appeal do not give us the complete record to support all the argument made therein, and the authorities submitted are meager. The burden is on the appellant to demonstrate error in an appeal. This we feel has not been done. 2 I. L. E. *Appeals* (1957), § 511.

Under the circumstances, the judgment of the trial court is affirmed.

Lewis, C. J. and Mote, Hunter and Jackson, JJ. concur.

NOTE.—Reported in 235 N. E. 2d 165.