WRIGHT ET AL. *v.* KINNARD ET AL.

[No. 368A144. Filed April 1, 1969. No petition for rehearing filed.]

*Donald E. Bowen, Bowen, Myers, Northam & Givan,* of Indianapolis, for appellants.

*David S. Richey, Parr, Richey, Obremskey & Pedersen,* of Lebanon, *Kendall, Stevenson & Lewis,* of Danville, and *Theodore L. Sendak,* Attorney General, and *Anthony Champa,* Assistant Attorney General, for appellees.

SHARP, J.—The parties to this case are identical to the parties in *Wright et al. v. Kinnard et al.,* 144 Ind. App. 286, 245 N.E. 2d 835 (1969), (Cause Number 368A44), also decided this day, and relate to the same controversy regarding the reorganization of school in Boone County, Indiana. This opinion must be read in conjunction with the opinion in the above cited companion case. In this case, a complaint for declaratory judgment was filed in the Boone Circuit Court on February 16, 1968, by the Appellants and Motions to Dismiss were filed by the Appellees principally on the basis of Acts 1967, ch. 357, § 8, Burns' Indiana Statutes Annotated, Section 3-3301, with reference to the commencing of a public lawsuit on the same subject matter. The definition of a public lawsuit is found in Burns' Indiana Statutes Annotated, Sec-

tion 3-3301(b). Because of what we have said in our opinion in the companion case of *Wright et al. v. Kinnard et al.*, Number 368A44, we now hold that the filing and pendency of that case in the Boone Circuit Court was a public lawsuit within the meaning of Section 3-3301 and is therefore subject to the provisions of Section 3-3308, Burns' Indiana Statutes Annotated. The record discloses that on the 22nd of August, 1968, the Hendricks Circuit Court, after this case was venued there from the Boone Circuit Court, entered its dismissal of the Appellants-Plaintiffs' complaint for declaratory judgment as follows:

> "Court being advised, finds that this action is a public lawsuit within the meaning of the statutes of the state of Indiana, Acts 1967, Ch. 357, Section 8, Page 1337, and that it is related to an identical lawsuit now on appeal to the Indiana Supreme Court, same being Cause No. 368A44 (Cause No. C67-114 in the Boone Circuit Court), that pursuant to the above cited statute this court has no jurisdiction and that the defendant's motion to dismiss should be sustained.
>
> "Defendant's motion to dismiss this cause of action is now sustained, and the restraining order hereinbefore issued is now in all things dissolved, and this cause of action is now dismissed with costs against petitioners."

Both parties have made contentions regarding the construction of Burns' Indiana Statutes Annotated, § 3-3308, which are inconsistent with the legislative intent of such statute. The Deputy Attorney General contended in the oral argument of this appeal that the mere filing of a public lawsuit and thereafter the immediate dismissal of the same without a decision on the merits might well foreclose any other public lawsuit on the same subject matter. This is a narrow and technical construction of this statute which we do not adopt. In our present situation the companion lawsuit referred to filed and pending in the Boone Circuit Court and the appeal of the same was certainly a public lawsuit which was commenced.

The Appellees would require a subsequent public lawsuit to be identical to any previous public lawsuit commenced. Again, this is a narrow and limited construction of the statute which we will not adopt. The language of the statute is:

"After a public lawsuit is commenced, no other lawsuit relating to the same *subject matter* shall be commenced, and no trial court shall have jurisdiction of any such subsequent lawsuit . . ." (Burns' Indiana Statutes Annotated, § 3-3308) (Our emphasis.)

This instant case is a subsequent lawsuit brought by the same parties, in the same court, related to the same subject matter and clearly is within the section of the statute just quoted. Therefore, the action of the trial court in dismissing this instant case should be and is affirmed. Costs v. Appellants.

Lowdermilk, P.J., Carson, Hoffman and Sullivan, J.J., concur.

Pfaff, C. J., Cooper and White, J. J., not participating.

Note.—Reported in 245 N. E. 2d 844.