STATE OF INDIANA, ETC. *v.* FARMERS TANKAGE, INC.

[No. 468A62. Filed April 11, 1969. Rehearing denied May 16, 1969. Transfer denied August 29, 1969.]

*Theodore L. Sendak,* Attorney General, and *Charles B. Rogers,* Deputy Attorney General, for appellants.

*Ax and Sullivan,* of Linton, and *Harry M. Stitle, Jr.,* and *Albert W. Ewbank,* of Indianapolis, for appellees.

SHARP, J.—The State of Indiana appeals a judgment for Appellee, Farmers Tankage, which judgment granted Appellee's request for an exemption from the sales and uses tax of certain personal property alleged to be used for production of animal and poultry feed.

Appellee, Farmers Tankage, Inc., produces a protein animal feed at their plant located near Newberry, Indiana. They collect from several sources the bodies of dead animals not slaughtered for human consumption for use in the production

of the feed. This action was brought pursuant to Burns' Indiana Statutes Annotated, § 64-2614A for the refund of Sales and Use Tax in the amount of $3,497.96 levied on truck and tractor purchases, truck parts and repairs and fuel for the operation of trucks and tractors. The Appellee's complaint alleged that these items were used in the collection of stock needed for production of animal and poultry feeds and material used in the production of animal and poultry feeds and as such were within the following exemptions to the Sales and Use Tax set out in Section 64-2654, Burns' Indiana Statutes annotated:

> "(b) Nor shall the state gross retail tax apply to any of the following transactions:
>
> "(1) Sales to farmers and other persons occupationally engaged in the business of producing food and commodities for human, animal or poultry consumption either for sale or further use in producing such food and commodities for sale, of animal and poultry life to be used by the purchaser for such production of food and commodities, feed for such animals and poultry and seeds, plants, fertilizers, fungicides, insecticides and other tangible personal property to be used for such production of food and commodities."

The State of Indiana argues in this appeal that the Appellee is not entitled to the above exemption. The Appellant contends that the legislature in the adoption of the exemption did not intend to place such a broad construction so as to allow an exemption for transportation equipment used before the actual production processes begin.

Appellant relies heavily on the principle stated in *Storen v. Jasper County Farm Bur. Co-Op. Assn.*, 103 Ind. App. 77, 2 N. E. 2d 432 (1936) that "all exemption statutes, *where there is any ambiguity,* must be strictly construed against one seeking an exemption." (our emphasis.) Section 64-2654 of Burns' Indiana Statutes Annotated is not, however, ambiguous. The statute does not contain the word "directly" that Appellant would have us insert to modify "used in such production."

It is well established that this court will not reverse the finding of the lower court if it is supported by some evidence.

The evidence most favorable to the Appellee revealed 1, 2. that some of the equipment in question was specially built for the use to which it was put, i.e., hauling the dead carcasses of animals and that the transportation of these animals, from whatever source, to the treatment facilities was an indispensable prerequisite to production of the feed. In light of this evidence and the unambiguous statute we cannot say that the trial court was not justified in finding that the trucks and equipment were tangible personal property used in the production of food and commodities within the meaning of the exempting statute.

Judgment affirmed.

Pfaff, C. J. and Hoffman, J., concur.

White, J., not participating.

NOTE.—Reported in 246 N. E. 2d 409.