CONSOLIDATED PERRY CORPORATION *v.* MOORE ET AL.

[No. 1268A204. Filed July 22, 1969. No petition for rehearing filed.]

*Theodore L. Locke, Jr., Edwin J. Bunny,* of Indianapolis, and *Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, for appellant.

*Clelland J. Hanner,* of Rockville, for appellees.

SHARP, J.—This is a workmen's compensation claim which grew out of an accident occurring on November 19, 1962, in which John C. Moore was killed. At the time of his death the Industrial Board found that his father, Orbin Moore, Appellee here, his mother, Martha Moore, his sister, Anna Rose Moore, and his nephew, Billy Ray Adkins, were partial dependents to the extent of 20% of his weekly salary. The original award was entered November 14, 1966. Between November 19, 1962 and February 19, 1963, the partial dependency of all except Appellee, Orbin Moore, terminated. On November 21, 1968, the Full Industrial Board ordered, in part:

> "It is further ordered that in the event of a termination of the dependency of any of said partial dependents, the remaining payments of compensation, under this award, shall be paid to those remaining dependents at the rate of $7.80 per week."

The Appellant contends that the part of the award just quoted is in direct conflict with Burns' Ind. Stat. Ann., § 40-

1403, as interpreted by this court in *Hymera Coal Co.* v. *Houpt, et al,* 83 Ind. App. 131, 147 N. E. 813 (1924), where the court stated:

> "If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury, the weekly compensation to those dependents shall be in the same proportion to the weekly compensation for persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury."

The *Hymera Coal Co.* case is cited as authority in Small, *Workmen's Compensation Law,* § 10.15, page 312, and West, I. L. E., Vol. 30, *Workmen's Compensation,* § 69, page 332.

The *Hymera* case is the only case in this jurisdiction on question of redistribution of benefits among partial dependents. It has not been overruled or limited in any way. The *Hymera* case is the correct and only interpretation of the statute on this point and we must follow it.

Therefore, the decision of the Full Industrial Board is reversed and this cause remanded to the Full Industrial Board for proceedings consistent with this opinion.

Pfaff, C.J., Hoffman and White, JJ., concur.

NOTE.—Reported in 249 N. E. 2d 524.