WILLSEY D/B/A DELBERT E. WILLSEY CONSTRUCTION CO., ET AL. *v.* HARTMAN, ET AL.

[No. 1069A171. Filed May 6, 1971.]

6

*Elmon M. Williams,* Greenwood, *Paul V. Wycoff,* Batesville, *Frank I. Hamilton,* Greensburg, for appellants.

*John D. Raikos,* Indianapolis, *Don H. Wickens,* Greensburg, for appellees.

### ON MOTION TO DISMISS

SHARP, J.—It is elementary that the primary function of this court is to determine cases on the merits where possible. It should not be necessary to cite extensive authority for this proposition. In this case, however, it is necessary to elaborate on this general proposition and specifically in terms of the issues presented by the Appellees' Motion to Dismiss. It should also be elementary that any doubts should be resolved in favor of deciding cases on their merits, for, after all, that's what we are here for.

In speaking of the proposed Federal Rules of Civil Procedure more than 35 years ago Chief Justice Hughes stated:

> "It is manifest that the goal we seek is a simplified practice which will strip procedure of unnecessary forms, technicalities and distinctions, and permit the advance of causes to the decision of their merits with a minimum of procedural encumbrances." 21 ABA Journal 340, 341 (1935).

There is a well developed body of case law in Indiana by both the Supreme and Appellate Courts which were reflective of the general attitude expressed by Chief Justice Hughes

before the advent of the new Indiana Rules of Procedure which became effective January 1, 1970.

In *Miller* v. *Ortman,* 235 Ind. 641, 649, 136 N. E. 2d 17 (1956), our Supreme Court said:

"Under the circumstances presented, was it proper for the Appellate Court to refuse to consider the petition for rehearing because of appellant's failure to file his petition and briefs under separate cover, even though certain of the grounds relied upon for rehearing are clearly and concisely stated in rhetorical form, separate from the argument in support thereof? In answering this, we are confronted with these considerations: * * * (2) the declared policy of both the legislature and our courts is to liberally construe our rules of procedure to the end that, where possible, litigants may have their cases determined upon the merits.

Under the circumstances presented, we are of the opinion that we should be guided by the test as to whether appellant has made a good faith effort to comply with the rule."

In *Wylie* v. *Myers,* 238 Ind. 385, 387, 150 N. E. 2d 887 (1958), our Supreme Court stated:

"At the outset appellee challenged the sufficiency of the appellant's briefs to present any issue for the reason that in form it does not comply with the requirements of Rule 2-17(e).

\* \* \*

In support of his position, appellee cites the cases of Scott v. Pandell et al. (1954), 124 Ind. App. 474, 476, 118 N. E. 2d 372; Kruzick v. Kruzick et al. (1954), 124 Ind. App. 365, 368, 118 N. E. 2d 376, in which cases the Appellate Court categorically held that if propositions, points and authorities, such as were required under the old rule, were included in the appellant's brief, they would not be considered. The rule was amended for the reason that under it both appellants and appellees were so bound by its rigid requirements that in many instances neither could most effectively present or meet the basic issues involved. Thus the rule operated to the disadvantage of the parties, the attorney and the court. The amendment was made to enable both parties to give greater consideration of the substance and less to the sterotype form of the argument."

Likewise, in *Capp* v. *Lindenberg*, 242 Ind. 423, 426, 178 N. E. 2d 736 (1961), where our Supreme Court stated:

" * * * Appellees contend that an appeal which is not supported by a brief which substantially conforms to the requirements of Rule 2-17A presents no issue and therefore that compliance with Rule 2-17A is jurisdictional. In support of this contention appellees cite and rely upon the case of Allison v. State (1959), 239 Ind. 545, 546, 547, 157 N. E. 2d 193, as being controlling of the specific issue with which we are here confronted. Appellees assert that in that case this court considered that compliance with Rule 2-17A was jurisdictional. Appellees further assert that because this court has determined the jurisdictional character of Rule 2-17A, and because this court has stated that it is bound by its own rules, it is without authority now to permit the appellant to amend his brief after the time for filing briefs had expired.

* * * However, notwithstanding the motion which directly challenged the jurisdiction of the court and thus made the question of jurisdiction the primary issue, this court noted that appellant had not 'at any time herein attempted to amend such brief to correct the deficiency,' by providing the required statement regarding the jurisdiction of the court. Therefore, this court held: 'Appellant has waived any right he may have to a consideration of this appeal by this Court by failing to make an affirmative showing of our jurisdiction in his original brief [or by amendment thereto] as above required.' Therefore, upon motion of the appellees, the cause was dismissed.

However, this court did not hold in the Allison case, supra, as contended by appellant, that compliance with Rule 2-17A was jurisdictional. On the contrary, the decision rests first upon the fact that jurisdiction was the primary substantive issue and that when the question of jurisdiction was challenged by the appellees appellant made no attempt to correct the defect in his brief by stating the fact of this court's jurisdiction. Under the above circumstances it did not appear that the appellant had made a good faith effort to comply with the rules of this court in the prosecution of his appeal. Therefore, upon motion of the appellees, the case was dismissed.

However, in this case, in contrast to the Allison case, the appellant promptly filed a motion to amend his brief when his attention was called to the fact that he had failed to include therein the statement regarding the jurisdiction of the court as required by the rule here under considera-

tion. Therefore, the Allison case provides no precedent in this case.

* * *

Under circumstances where the rule, itself, does not provide that compliance therewith is jurisdictional, or where this court has not heretofore held that the subject matter of the rule is jurisdictional, this court is reluctant to ascribe a jurisdictional character to its rules. Where the rule has not already been declared to be jurisdictional, the court may, under a liberal construction thereof, in its discretion and upon proper application, permit the appellant to amend his brief so as to conform with the requirements of the rules of the court.

For the reasons above stated, we permitted the appellant, after the filing of an appropriate motion, to amend his brief so as to conform with the requirements of Rule 2-17A."

Our Supreme Court also reached a similar result on similar reasoning in *Deckard* v. *Adams*, 246 Ind. 123, 203 N.E. 2d 303 (1965).

Judge Wiltrout sets forth several maxims, which should always be our touchstones, in Volume 3, Indiana Practice, § 2115, where it is stated:

"The appellate courts are committed to the policy of attempting to decide all cases upon their merits whenever possible, with increasing regard for the substance and diminishing regard for the form. It is the policy to decide appeals on the merits whenever possible, rather than on procedural questions. To that end it is the policy to place a liberal construction upon the Rules."

There are many recent cases from this court interpreting the old rules consistent with the general proposition set forth in the above cited authorities. In *Lloyd* v. *Weimert*, 146 Ind. App. 666, 257 N. E. 2d 851, 854 (1970), Judge Cooper, speaking for this court, stated:

"This court realizes that the Supreme Court Rules have the force and effect of law and are binding on the court and litigants alike, Hayes v. Pennick (1965) 137 Ind. App. 55, 204 N. E. 2d 882; Eggers v. Wright et al. (1969) Ind.,

245 N. E. 2d 331, and should, in the interest of clarity, efficiency, and justice, be complied with. However, this court prefers, whenever possible, to consider a case on its merits, rather than on mere technicalities. Miller, etc. v. Ortman, etc., et al. (1956) 235 Ind. 641, 136 N. E. 2d 17 (Reh. Den.); Capp v. Lindenberg, etc., et al. (1961) 242 Ind. 423, 178 N. E. 2d 736 (Reh. Den.); Burton v. Rock Road Construction Co. (1968) 142 Ind. App. 458, 235 N. E. 2d 210 (Tr. Den.); Hopple et al. v. Star City Elevator Co., Inc., et al. (1967) 140 Ind. App. 561, 224 N. E. 2d 321 (Tr. Den.).

In the case before us, we find several procedural errors. While this court can find ample authority to support a dismissal, we feel that in light of the new Indiana Rules of Procedure, a more liberal approach to procedural errors should be taken where possible. * * * "

Likewise, in *Fairwood Bluffs Conservancy District* v. *Imel,* 146 Ind. App. 352, 255 N. E. 2d 674, 678 (1970), Judge Sullivan, speaking for this court, stated:

"By reason of the well-established principle that we will, whenever possible, dispose of appeals upon their merits we will not further discuss appellees' contentions concerning the failure of appellants' brief to include the appellees' complaint in this case. The deficiency alleged by appellees to exist in appellants' brief is provided by appellees' brief itself. Further, under the new rules of procedure, such technical niceties will not present the problem, or work the inequity, that strict application of the old rules has sometimes done.

Appellate Rule 8.3(A) of the new Indiana Rules of Civil Procedure which supplants Rule 2-17 dispenses with this problem * * * "

Appellees' next contention is that neither appellants' motion for new trial nor its substance is contained in the summary of the record. This contention is entirely correct. However, once again, straining Rule 2-17, we find in its 'Brief Summary of the Argument' the following:

'General summary of appellants' argument is based upon the issues raised by the three paragraphs of answer to appellees' complaint together with the Court's overruling appellants' amended motion for new trial based upon the grounds:

1. That the decision is not sustained by sufficient evidence.

2. That the decision is contrary to law.'

We hold such to be an adequate statement.

* * *

We set forth in some detail appellees' contentions relative to the technical sufficiency of appellants' brief not to unduly lengthen this opinion but to make clear that an unnecessary burden is placed upon any appellate court when counsel pay little or no attention to the requisites of appellate procedure. Briefs such as here submitted by appellants are not conducive to expeditious or proper consideration and determination of the legal questions before a reviewing tribunal. Notwithstanding all the above it is considered that there are issues of substance sufficiently before us to require disposition upon the merits. Accordingly, appellees' motion to dismiss or in the alternative to affirm, though meritorious in many respects, is hereby overruled."

For a similar result under the old rules, see *W. H. Nichols & Co., Inc.* v. *Day et al.,* 132 Ind. App. 156, 175 N. E. 2d 893 (1961).

It appears that the last word on this subject from our Supreme Court is found in *West* v. *Ind. Ins. Co.,* 253 Ind. 1, 247 N. E. 2d 90, 97 (1969), in which Judge Hunter, speaking for a majority of our Supreme Court, in regard to the contents of the brief pursuant to old Rule 2-17, stated:

"In its judgment the trial court stated that it could find 'no Indiana decision directly in point on the issues presented' in the motion for summary judgment. In other words, the issues presented involve questions of law on which there is apparently no prior Indiana authority. As the Appellate Court observed in its opinion, ' * * * both parties exhaustively and ably treat the issue presented by the merits of this cause * * *, Since the questions are ones of first impression and have been adequately argued by both parties, the decision should be based on the merits and not on a procedural technicality.

In Motorists Mutual Insurance Company v. Johnson (1964), Ind. 198 N. E. 2d 606, this court was faced with a similar situation. The Appellate Court had dismissed an appeal because the appellant, in his brief, had failed to

set out an insurance contract in its entirety. The Supreme Court reversed this decision and remanded the cause to the Appellate Court for a decision on the merits. The court reasoned:

'From the briefs filed, appellee was not bothered by the failure to incorporate the entire policy in appellant's brief.

Appellant has set forth many cases in support of the proposition that only the substance and the pertinent parts of a contested contract need be set forth to make good-faith compliance with the rules. This is especially so where appellee made no corrections or additions.

\* \* \*

The Appellate Court did not have to go any further than what was set forth in appellant's brief to determine the issue of this case. Certainly, Rule 2-17 does not contemplate the cluttering of a brief with the many sections of a contract such as this which have no relevancy or bearing on the issues involved.' 198 N. E. 2d at 607-608.

It should be remembered that this decision was made prior to the 1967 amendment of Rule 2-17 which still further simplified the procedure and relaxed the formalities required in an appellate brief.

In the case at bar, the Appellate Court dismissed the appeal using the following language to support their decision:

'Of all the pleadings, affidavits, depositions and exhibits referred to above, only appellant's complaint, the motion for summary judgment and two affidavits are set forth in their entirety.

We are aware of the 1967 Amendment of Rule 2-17, Rules of the Supreme Court, and the liberal attitude of this court and our Supreme Court in the preparation of briefs and the duties placed upon appellees by such amendment. It is however still incumbent upon the appellant to present a brief with a sufficient record therein which will enable the judges of this court to intelligently review the alleged erroneous action of the trial court.' 240 N. E. 2d at 87-88.

If the 'sufficient record', referred to above, means that 'all the pleadings, affidavits, depositions and exhibits' which the Appellate Court deems relevant must be 'set forth in

their entirety' in the appellant's brief, we must disagree. In the case at bar, this would have required the duplication of over 120 pages of transcript. If the 'sufficient record' referred to by the Appellate Court means that an appellant must at least identify and summarize all the record which he believes to be pertinent, then we assert that this is what the appellants have done in the instant case."

In the dissenting opinion of Judge Givan joined by Judge DeBruler it is asserted that there was no mention or even a summary of the affidavit in question in the brief. See 247 N. E. 2d at page 98. In this case there is both a mention and an adequate summary of the Motion for a New Trial and its contents in the Appellants' Brief which was filed on October 7, 1970.

While, in a sense, all of the authorities cited so far are "old wine" they are "good" old wine.

The Appellees in this case have filed a Motion to Affirm Judgment or Dismiss Appeal which states:

"1. Appellants' brief shows on its face that there has not been a good faith effort to comply with either Supreme Court Rule 2-17 or Indiana Rules of Procedure, Appellate Rule 8.3A (1.8).

2. Appellants' brief is defective in the following particulars which are fatal:

(a) Appellants' have assigned as the sole error, the overruling of their Motion for New Trial, but neither a copy of the Motion, nor its substance is set forth in the Summary of the Record.

(b) The Summary of the Record does not set forth the Assignment of Errors, or the substance thereof, nor does it appear anywhere in Appellants' brief.

(c) The Argument in Appellants' brief does not comply with Rule 2-17(h) of the Supreme Court in that it does not contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged  and fails to concisely state the basis of the objection to the ruling or decision complained of, and does not exhibit clearly the points of fact and of law being presented or how they are applicable with citation of authorities relied upon.

(d) The authorities submitted by Appellants are meager, consisting of one Appellate Court decision, which Appellants have failed to apply to support any alleged error in the Court below.

(e) Appellants have failed to affirmatively show harmful error in the Argument portion of Appellants brief.

3. That by reason of the defects as above stated, Appellee is unable to determine, and does not believe that the Court can determine, the exact question or questions which Appellant intends to urge, and Appellee is therefore at a loss to know how to prepare his answer brief."

In the Brief supporting the Motion to Dismiss the entire argument and authority of the Appellees relate to an interpretation of old Supreme Court Rule 2-17. No argument or authority is presented with reference to the application of Appellate Rule 8.3A.

The three primary cases relied on by the Appellees in support of their Motion to Dismiss or Affirm are *Clements, et al.* v. *State,* 244 Ind. 501, 193 N. E. 2d 908 (1963), *Vanderkooi* v. *Echelbarger,* 250 Ind. 175, 235 N. E. 2d 165 (1968), and *O'Neal* v. *Deveny,* 135 Ind. App. 446, 194 N. E. 2d 413 (1963). The *Clements* case is cited by the Appellee for the legal proposition that the specifications of the Assignment of Errors, or the substance thereof, must appear in the "concise statement of the record", and that the Appellants failed to incorporate in their brief a copy of the Assignment of Errors or any statement concerning its contents and did not give the page or line of the record where the same may be found. Old Supreme Court Rule 2-17(e), in force and effect at the time of the *Clements* case, *supra,* stated in part, as follows:

"A concise statement of so much of the record as fully presents every error and exception relied on referring to the pages and lines of the transcript."

Operating under the new rules, Appellants would only be obligated to have the Motion for a New Trial, or its sub-

stance, incorporated into their Brief. In this regard it is to be noted that at pages 1, 3, 5, 8 and 13 of the Appellants' Brief it states that the sole issue presented for review is the overruling of the Motion for a New Trial.

It is also interesting that under the old Rule 2-17 the concise statement of the record must only present every error relied upon and the overruling of a motion for a new trial is such an error. But in the Argument section under old Rule 2-17 there is a distinction drawn between an assigned error, i.e., a motion for a new trial and the causes or specifications contained in the motion for a new trial. Even under old rules, therefore, it would seem that a brief would be sufficient if the "concise statement of the record" contained the assigned error of overruling the motion for a new trial, and the argument section further elucidated that error by specifically setting out and arguing such cause contained in said motion for a new trial.

Taking the Appellants' Brief as a whole, instead of focusing on each individual section separately, the substance of the motion for a new trial, the sole assigned error, is fully presented at least, in so far as the specifications urged by the Appellants in their brief. It is true that the Motion for a New Trial is not fully set out verbatim in any one spot in the Brief, but the substance thereof is adequately presented by reading the Brief as a whole and there is no need to search the record to find error, the primary reason for finding any brief insufficient.

In *Vanderkooi*, cited by the Appellees, at 250 Ind. 175, 179 (1968) it states:

"The appellant's briefs submitted in this appeal do not give us the complete record to suport all the argument made therein, and the authorities submitted are meager."

The reference to the *Vanderkooi* case by the Appellees could be applicable to the attempt by the Appellants to raise

an issue, which occurred after the denial of a Motion for New Trial and which is not contained as a specification in the Assignment of Error, or to the evidence as to whether or not the trial judge saw fit to require bond, which was not revealed by the record as set forth in the Appellants' Brief. In either event it is not pertinent to the issues to this case. As to the meager authorities, the court went ahead in *Vanderkooi* and decided the case on its merits (but seemingly using only the authorities cited by the appellant.)

The Appellees cite *O'Neal* v. *Deveney, supra,* to support their assertion that the Appellants have failed to demonstrate error by supporting their argument by legal authorities. In the above cited *O'Neal* case the appellant assigned as error the overruling of the motion for a new trial, but did not argue any specifications relating to said assigned error and did not cite any authority to support the same. At that time our Supreme Court Rule 2-17(h) was in full force and effect and said rule reads as follows:

"(h)   The briefs shall contain under the heading 'Argument' the matters required under paragraph (e) above with reference to the record and evidence, and shall specify such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon-except the ruling on a motion for a new trial-and after each cause for a new trial relied upon— there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out verbatim the relevant parts of such statutes as are deemed to have an important bearing. If substantially the same question is raised by two (2) or more assignments of error or causes for a new trial, they may be grouped and supported by one (1) argument. If more than three (3) authorities are cited in support of any argument, the three (3) authorities first relied upon shall be first cited and printed in blackfaced type, or in capitals if the brief is typewritten. In citing cases, the title of the case must be given, the year of final disposition, and the book and page where reported. Indiana cases officially reported must

be cited and quoted from the book and page of the official report."

It is clear that there must be presented in the argument section of the brief the causes or specifications of a motion for a new trial, or its successor, motion to correct errors. It appears that the Appellant in the *O'Neal* case, *supra,* failed both to present any issue in the motion for new trial or present any authorities applicable thereto. In this instant case the situation is clearly distinguishable. Here the sole assignment of error is the overruling of a motion for a new trial, of which Appellant argued two causes, namely, the amount of recovery was too large and the decision was not sustained by sufficient evidence. We do not here decide whether citation of legal authority is absolutely essential to an argument that a decision is not sustained by sufficient evidence. In any event, there is still the question of the first specification of error wherein the Appellant cited *Jose Balz Corp.* v. *DeWitt,* 93 Ind. App. 672, 176 N. E. 864 (1931), as authority for reversal. The case cited by the Appellants may well be on point and is the only expression on this question by the courts of the State of Indiana. It is of interest that in the *Jose Balz Corp.* case, *supra,* this court only cited the legal proposition stated therein that was quoted by the Appellant in its brief in that case. While the *Jose Balz Corp.* case was decided in 1931 it is still the law and was just recently cited in 23 A. L. R. 3rd 417 as the Indiana law on the principle of implied warranty workmanship. The *Jose Balz* case is factually similar and is related to this case by cogent, if brief, argument. Just as this court will not include unnecessary verbiage to buttress an opinion that relies on a singular factually similar case, so an Appellant, relying on only one legal authority, should not be required to insert excess argument and authority in order to avoid falling prey to the maxim that his brief is defective in that the authorities cited are meager. The following cases are examples where we have based a decision on a single authority: *Boss-Harrison Hotel, Inc.* v. *Barnard,* 148

Ind. App. 406, 266 N. E. 2d 810 (1971); *Yates* v. *Grider,* 145 Ind. App. 567, 251 N. E. 2d 846 (1969); *Consolidated Perry Corp.* v. *Moore,* 145 Ind. App. 139, 249 N. E. 2d 524 (1969); *Wright* v. *Kinnard,* 144 Ind. App. 302, 245 N. E. 2d 844 (1969); *State* v. *Farmers Tankage, Inc.,* 144 Ind. App. 392 246 N. E. 2d 409 (1969). It is suggested that "meager" can be a qualitative term as well as a quantitative one.

Throughout the entire annotation in Burns' Indiana Statutes Annotated on old Supreme Court Rule 2-17 and in the cases cited by the Appellees, the overriding reason for dismissing an appeal because of an insufficient brief is that there is only one transcript and that judges should not have to search the same in order to find the errors alleged. In the instant case there is no reason to search the transcript to find the error. The error is clearly presented in the Brief specifically following the new rule. The law clearly mandates that the rules for briefs should be liberally construed and cases decided on the merits. In many respects this rule of construction conflicts with the rules of technical niceties that has heretofore prevented many cases from ever being reached upon their merits. It should also be noted and emphasized that the Brief filed by the Appellants in this case strictly conforms to the literal requirement of new rule AP 8.3. It would certainly seem to be anomaly that a brief which conforms to the literal reading of the rule and when given the maxim that the rule is to be liberally construed, should be held insufficient to present an error on appeal. There is no need to go to the transcript as everything necessary for this court to render a decision on the merits is contained in the Appellants' Brief.

While the cases relied on by the Appellees have been, to some degree, distinguished, in reality, there was no absolute need for such distinction as all of the cases were decided prior to the adoption of the new rules of Civil and Appellate procedure in Indiana which became effective on January 1, 1970. All of the cases and the argument made by the Appellees in their Motion to Dismiss or Affirm are cases under the old rule.

We suggest that it would be bad practice and certainly a violation of the spirit, if not the letter of the new rules to adopt, as applying to New Rule AP 8.3, in toto, all of the old case law, much of which represents a technical and harsh application of old Rule 2-17 and its predecessors. We suggest the Supreme Court opinion in *West* v. *Ind. Ins. Co.*, cited above, and the recent opinions of Judge Cooper and Judge Sullivan for this court in *Lloyd* v. *Weimert* and *Fairwood Bluffs Conservancy District* represent the correct judicial attitude in regard to the new rules. Judge Sullivan's opinion in the *Fairwood Bluffs Conservancy District* case especially holds out the promise that this court will liberally construe the new rules. We believe that to sustain the Motion to Dismiss in this case represents a failure to fulfill that implied promise.

To sustain the Appellees' Motion to Dismiss or Affirm in this case, in our opinion, is to turn back the judicial clock and to in effect attempt to judicially put "bad" old wine in new bottles. Such an attitude would indicate a very unfortunate disregard by this court of the spirit which is imbedded in our new rules. We believe that the Appellants are entitled to a square ruling that their brief complies with A. P. Rule 8.3 as against a motion to dismiss.

The Appellees' Motion to Dismiss is hereby overruled.

Sullivan, P.J., Staton, White, and Robertson, JJ., concur.

Hoffman, C.J. dissents with opinion in which Buchanan, J. concurs.

Lowdermilk, J. not participating.


## DISSENTING OPINION

HOFFMAN, C.J.—I dissent from the majority opinion overruling appellees' motion to affirm or dismiss.

This matter is before us on appellees' "Motion to Affirm Judgment or Dismiss Appeal." Such motion alleges as cause

therefor that appellants' brief is defective in the following particulars:

> 1. Appellants' brief does not set forth either the motion for new trial, or the assignment of errors or the substance thereof;
> 2. That the argument portion of the brief does not comply with the rule in that each error assigned in the motion for new trial that appellants intend to raise on appeal is not set forth specifically, followed by the argument applicable thereto;
> 3. That the authorities cited by appellants are meager, consisting of one Appellate Court decision;
> 4. That appellants have failed to affirmatively show harmful error.

Appellees allege that by reason of the above defects in appellants' brief, they are unable to determine the exact question, or questions, that appellants intend to present.

I have examined the appellants' brief and find that the contentions of appellees are true.

Appellants have not asked for leave to amend their brief to supply the omitted matters but, instead, assert that appellants' brief has been prepared in accordance with the rules of appellate procedure which became effective January 1, 1970.

Under the former rules of practice, it was firmly established that without the assignment of errors being set forth in appellant's brief, or at least a summary thereof, there was no question presented to the court and the judgment appealed from would be affirmed.

Thus, in *Clements, et al.* v. *State* (1963), 244 Ind. 501, 193 N. E. 2d 908, appellee filed a motion to dismiss or affirm based on the fact that appellants had failed to incorporate in their brief a copy of the assignment of errors or any statement concerning its context. Our Supreme Court affirmed the judgment of the trial court, stating at 502 of 244 Ind., at 909 of 193 N. E. 2d, as follows:

"It is fundamental that in order to present error on appeal such error must be set forth in the assignment of errors, and the specification or specifications of such assignment of errors, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17(d). Without such compliance the judges cannot give intelligent consideration to the issues on the appeal without resorting to the record (only one copy of which is available to be shared by the five judges of this Court), and accordingly it is well settled that where appellant's brief fails to set forth the record or the substance thereof in this important respect, the appellate tribunal is under no duty to search the record to reverse the cause." (Citing authorities.)

In *Board of Med. Regist. and Exam., etc.* v. *Bowman*, (1958), 238 Ind. 532, 150 N. E. 2d 883, appellant's brief failed to contain a copy of the assignment of errors or any specification thereof. Our Supreme Court affirmed the judgment of the trial court, stating at 533 of 238 Ind., at 883-884 of 150 N. E. 2d, as follows:

"Appellant's original brief fails to contain a copy of the assignment of errors or any specification thereof. Nor does it state the substance of any assignment so that it could be held there was a substantial compliance with the rules on appellate procedure.

"These rules are based upon experience, and are designed to expedite the disposition of appeals, as well as lessen costs and expense for the parties. The rules do not require the record on appeal be printed so that each Judge may have a copy. Appellant's original brief is required to be prepared in such manner that a printed copy of the record for each Judge will be unnecessary for him to be properly advised on each matter involved in the appeal. The rules in general do provide that appellant's original brief present his assertions of errors, and so much of the record as may be involved in the determination of the issues he presents on appeal. Each Judge is entitled to be so advised from this brief, and he is not required to examine the record for this information." (Citing authorities.)

See also:

*Livingston, Admr.* v. *Livingston, Trustee* (1961), 132 Ind. App. 572, 178 N. E. 2d 466.

The cases above cited were decided before the adoption of the 1970 Indiana Rules of Procedure. Rule AP. 8.3, Indiana Rules of Procedure, does not specifically state that the assignment of errors or the substance thereof must be set out in appellant's brief. However, neither did former Rule 2-17, Rules of the Supreme Court of Indiana, so state; yet the courts consistently held, as reflected in the cases above cited, that the assignment of errors must be set out in appellant's brief in order to present any question to the court for decision.

The question then becomes: Does Rule AP. 8.3, *supra,* require the appellant's brief to contain the assignment of errors, or a summary thereof, as set out in the cases decided under the former rules of practice?

I am of the opinion the answer is in the affirmative, and for the same reasons as set out in the cited cases. Appellant still has the burden of demonstrating, by the record and by the brief, that the trial court committed reversible error. This court still will not search the record, nor do the work of counsel for appellant, in an attempt to find error. The brief should still be prepared so that each judge can be fully informed concerning all the issues sought to be raised, from the brief alone, without having to search the transcript to be informed.

Three other specifications are set out in appellees' motion to affirm, namely, 1) that the argument portion of the brief does not comply with the rule requiring that each error assigned must be set forth *specifically* in the brief, together with the argument applicable thereto; 2) that the authorities cited are meager; and 3) that appellants have failed to show harmful error.

Appellants' brief devotes 76 pages to a recital of the evidence. The argument is contained in slightly over three pages of the brief, and is general in nature, rather than specific. It is not made to appear how the single citation of authority is applicable to the issues sought to be raised.

Rule AP. 8.3 (A) (7), Indiana Rules of Procedure, provides as follows:

"(7) An argument. Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto. If substantially the same question is raised by two [2] or more errors alleged in the motion to correct errors, they may be grouped and supported by one [1] argument. The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

"When error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto. Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived."

The requirements of this rule are substantially the same as those provided for by former Rule 2-17, *supra.* Therefore, the cases construing former Rule 2-17, *supra,* are equally applicable to the present Rule AP. 8.3 (A) (7), *supra.* The cases decided under Rule 2-17, *supra,* consistently held that specifications of alleged error are waived by the failure of the appellant to support the contentions of alleged error by both cogent argument and citations of authority, specifically showing how the authorities cited are applicable to the issues sought to be raised. The reasons for these decisions are stated in *Estate of Alexander* v. *Alexander,* (1966), 138 Ind. App. 443, at 448, 212 N. E. 2d 911, at 914, as follows:

"The burden is upon the appellant to establish by his brief and to show by proper reference to the transcript and by cogent argument and the citation of authorities that reversible error has been committed by the trial court. A general summarization in the appellant's brief containing references to pages and lines in the transcript is not a com-

pliance with the rules of the Supreme Court and the decisions of that court in interpreting rule 2-17. *Sinks, Taylor* v. *State* (1956), 235 Ind. 484, 133 N. E. 2d 563. We have pointed out many times that only one judge has the transcript and the burden is upon the appellant to establish by his brief the facts supporting the assignments contained in his motion for new trial."

While I recognize that one of the purposes of the new rules of procedure is to simplify matters of trial and appellate procedure, nonetheless, the intent of the new rules is not to relieve the appellant from the burden of demonstrating reversible error, nor is the intent to cast upon the reviewing court the burden of searching for error. Appellant still has the duty to point out to the reviewing court the alleged errors, and to support those contentions with valid, convincing argument. Mere assertions or conclusive statements alleging error are not sufficient to sustain the appellant's burden.

*Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, at 566, 159 N. E. 2d 134, at 139, concisely stated the requirements, under the former rule, for the argument portion of an appellant's brief, as follows:

"The argument portion of an appellant's brief must do more than set out appellant's unapplied statements, ideas or suggestions that the trial court has erred in certain mentioned respects. With the privilege of grouping, as provided for in said Rule 2-17(e), the argument should first direct the attention of the appellate tribunal to the particular assigned error, or to the particular specification in the motion for a new trial, as the case may be, upon which the appellant relies and intends to urge as an error warranting a reversal of the judgment appealed from. This should then be followed by a concise statement of the basis of objection to the complained of ruling, together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed. Pertinent statutes, and authorities which support the points and contentions made, should be cited and, where deemed distinctively in point or particularly appropriate as analagous reasoning, quoted from."

This statement is equally applicable to Rule AP. 8.3, *supra*.

Recently the First Division of this court decided *Brotherhood's Relief and Compensation Fund* v. *Smith* (1971), 267 N. E. 2d 187, in which all the judges of that division concurred. That case had been fully briefed with an appellant's brief, appellee's brief and appellant's reply brief. The basis of the affirmance was that the appellant's brief did not comply with Rule AP. 8.3 (A) (7), *supra*, in that the argument section did not present applicable argument and failed to elucidate to the court the law and its applicability to the matter. Two authorities, both of general nature, were cited.

I have compared the appellant's brief in *Brotherhood's* with the one filed in this case and find that each contain the same defects.

The brief herein fails to present any question to this court for decision and appellants have not sustained their burden of demonstrating reversible error.

The majority opinion suggests that all prior experience and all prior interpretation of the rules be abandoned; and that even though a new rule is patterned after the old, which proved workable and of assistance to the lawyers of this State, that this be ignored and the lawyers cast adrift to guess what interpretation and what application might be placed on these rules by future court decisions. With this I cannot agree.

The rules were adopted to aid and assist the court in reaching a fair and just settlement of disputes between litigants. The rules set out what is to be included in the briefs filed by counsel for their clients. The enumerated contents have been deemed essential so that the judges can understand the controversy and the law applicable thereto. Without proper briefs careful and expeditious consideration cannot be given the matter.

Lawyers are entrusted by their clients to properly handle

their litigation. In this position they are deemed knowledgeable of the law and competent in court procedure. The courts can expect no less from a lawyer. A failure to follow court procedure or to exercise only minimal compliance with court rules not only jeopardizes their client's litigation, but may place the lawyer's right to practice law in serious question.

Only by requiring *substantial* compliance with the rules can the public, the litigants, the Bench and the Bar insure that disputes can be resolved expeditiously and with justice under the law.

The purpose of the rule requirements in respect to briefs is to conserve the time and energy of the court and to clearly advise the opposing party of the issues he is obligated to meet. The brief filed herein by appellants does not fulfill that purpose.

In keeping with the spirit of the new rules as expressed in Rule TR. 1, Indiana Rules of Procedure, ". . . to secure the *just,* speedy and inexpensive determination of every action", I would strike appellants' brief and order that one be filed in compliance with the rules, within thirty days. (Emphasis added.) I believe such action would accomplish the goals toward which we all strive: 1) decide cases on the merits and not penalize the litigants for the actions of their counsel; and 2) preserve the appellate rules so that a just and speedy determination can be made in all appeals.

Buchanan, J., concurs.

NOTE.—Reported in 269 N. E. 2d 172.