In the Matter of the CONTEMPT OF the Supreme Court of Indiana of Zena D. CRENSHAW, Respondent.

No. 45S00–9809–DI–506.

Supreme Court of Indiana.

April 9, 1999.

Respondent, Pro se.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM

We find that the respondent, attorney Zena D. Crenshaw, is in contempt of this Court for failing to abide by investigative subpoenas issued to her by the Disciplinary Commission.

This case began on September 18, 1998, when the Commission filed its *Verified Information and Motion for Order to Show Cause why Respondent Should not be Held in Contempt of Court.* On January 8, 1999, the respondent filed her *Verified Motion to Dismiss for Lack of Jurisdiction over Subject Matter.* The Commission responded on Jan-

uary 20, 1999. On January 25, 1999, we issued an *Order to Appear and Show Cause*, directing the respondent, in the event this Court denied her motion to dismiss, to appear and show cause why she should not be held in contempt of this Court for her failure to respond to the Commission's subpoenas. We denied the respondent's motion to dismiss on February 18, 1999, and, accordingly, held a show cause hearing on February 23, 1999. The respondent appeared in person and the Commission was represented by staff attorney Robert C. Shook.

▇ The respondent was admitted to the practice of law in this state in 1984, and maintains a private law practice in Gary, Indiana. A grievance was filed with the Disciplinary Commission alleging that respondent had acted unethically and, in effect embezzled assets from her mother's estate to the detriment of her siblings. We have no basis at this point to evaluate this claim. The only event before us is the allegation and the fact that during the course of the Commission's investigation of alleged dishonest conduct on the part of the respondent, it sent to her two investigative subpoenas pursuant to Ind.Admission and Discipline Rule 23(9)(f).[1] The subpoenas demanded production of certain documents relating to the alleged misconduct. Each was sent to her address as she had reported it to the Roll of Attorneys. The second subpoena was sent by certified mail and was duly acknowledged by the returned "green card." It was accompanied by a warning that her failure to comply with it could subject her to contempt proceedings. She never complied with either subpoena.

During the pendency of these proceedings, the respondent challenged the jurisdiction of the Commission and this Court by filing a complaint in the United States District Court for the Southern District of Indiana, alleging

therein that certain provisions of Indiana Admission and Discipline Rule 23, governing attorney disciplinary proceedings, are constitutionally invalid. The district court dismissed the complaint on July 1, 1998, saying that federal intervention was unnecessary given that Indiana disciplinary proceedings, *inter alia*, provide adequate opportunity for the respondent to raise constitutional challenges. On July 16 the federal court declined to amend its findings and judgment. The respondent appealed that decision to the United States for the Seventh Circuit, where it was affirmed on March 15, 1999. On August 21, she sought a writ of prohibition from the Seventh Circuit against the Commission, which was denied. She is now seeking review of that denial by the United States. Claims of the unconstitutionality of the Commission's investigation, along with a narrative of her attempts to block the investigation with federal court intervention, constitute the substance of her January 8, 1999, motion before this Court to dismiss this contempt proceeding.

At the hearing on the Commission's motion to hold the respondent in contempt, the respondent made very general reference that "bias" on the part of the complaining party and the Commission staff fuels these proceedings.[2] She asked that she be allowed to conduct discovery in order to substantiate her claims of bias and requested that she be allowed to preserve her other challenges. She also claimed that it is proper to wait and allow her to exhaust all avenues of redress with the federal courts before this matter is allowed to proceed.

▇ Subpoenas may be subject to motions to quash, but we note that none has been filed with this Court in this case.[3] Nonetheless, we will take the respondent's oral presentation as constituting a motion to

---

1. Under the provision, the Executive Secretary of the Commission has the power to issue subpoenas in the name of the Commission, including subpoenas *duces tecum*. The failure to obey such a subpoena is punishable as a contempt of this Court.

2. The opinion of the Seventh Circuit recites that some of the charges of bias are leveled at this Court. We have no indication that the respon-

dent has made any claim of bias on the part of the Court and we know of no basis for such an allegation.

3. Although it appears that the respondent may have moved the Commission to quash an investigative subpoena it issued to her in 1997, she made no motion to quash before this Court, and stated no grounds that would support a quash motion.

quash and consider it in that light. In a civil case, the usual grounds for quashing a subpoena *duces tecum* are unreasonableness or oppressiveness. *Newton v. Yates,* 170 Ind. App. 486, 353 N.E.2d 485 (1976). The burden is on the moving party to show why documents responsive to the subpoena should not be produced. *Id.*

■ The respondent's claims of bias are not supported by any substantive evidence at all, including even so much as a description of their nature, or who is claimed to be biased. In any event, claims of bias do not stop the Commission's investigation of alleged misconduct in its tracks. Lawyers, by virtue of their privilege of holding licenses to practice law, are duty-bound to respond to the Commission's requests for information. *See* Ind.Professional Conduct Rule 8.1(b) (lawyers in connection with disciplinary matters shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority). This heightened obligation to comply with demands for information exceeds the obligation imposed upon nonlawyer citizens. If there is any basis for claiming the proceedings against the respondent are not being pursued in good faith by the Commission or anyone else, the respondent has provided us with no evidence to support that claim.

The respondent's other unsupported allegations, still unspecific after almost a year since their genesis, provide no evidentiary basis to quash the subpoenas. The federal courts have declined at every turn her invitations to intervene in this matter. Presumably this reflects their view that the proper, indeed only means to challenge the propriety of a pending investigation by the Disciplinary Commission is to appear and respond on the merits to the allegations. In fact, we view her strategy as not so much to put before us legitimate assertions of bias, but rather to use vague and wholly unsubstantiated claims of bias on the part of unidentified persons to camouflage attempts to dictate the procedure employed to resolve the grievance. She cites to us precedent stating that one cannot be held in contempt for failing to abide by an order which a court has no authority to issue. *State ex rel. Leffingwell v. Superior Court No. 2 of Grant County,* 262 Ind. 574, 321 N.E.2d 568 (1974). While that may be accurate as an abstract legal proposition, it has no application to this case because the subpoenas the respondent ignored are valid.

■ Because the respondent has presented no grounds for quashing the subpoenas; we are left only with the fact that she twice knowingly refused to comply with their directives. As such, we find that her conduct is contemptuous.

■ This Court has inherent and statutory power to punish contempt of its authority and process. I.C. § 33–2–1–4; *Matter of Crumpacker,* 431 N.E.2d 91 (Ind.1982). Our primary objective in cases where a disciplinary respondent fails to abide by a Commission subpoena is to exact compliance with the directive contained in that subpoena. *See, e.g., Vanderkooi v. Echelbarger,* 250 Ind. 175, 235 N.E.2d 165 (1968) (primary object of civil contempt proceeding is to coerce action for the benefit of an aggrieved party damaged by the failure of another to conform to a court order). We can determine no basis for respondent's refusal to comply with a facially valid subpoena. Certainly respondent has provided no basis to quash the subpoena. Her unexplained and unsupported refusal to cooperate with the Commission is a serious violation of her professional responsibility, regardless of the merits of any response she may have.

■ The standard sanctions used for contempt are fines or incarceration until the respondent complies with whatever legal obligation is the subject of the contempt. Here, there is a unique nexus between the refusal to respond to the subpoena and the fact that the refusal is that of a lawyer under investigation for professional misconduct. In effect, the respondent has managed to demonstrate professional misconduct before our very eyes. There being no other appropriate sanction, we find that the respondent should be suspended from the practice of law in this state until such time as she complies with the Commission's subpoenas.[4]

4. *See, e.g., Matter of Trueblood,* 616 N.E.2d 8 (Ind.1993), where the respondent was suspended from the practice of law upon recommendation of the hearing officer until such time as she complied with the hearing officer's orders compelling discovery.

IT IS, THEREFORE, ORDERED that the respondent, Zena D. Crenshaw, is suspended from the practice of law in this state, effective thirty (30) days from the date of this order. The respondent is ordered to file the affidavit required by Admis.Disc.R. 23(26)(c)(1). To be reinstated to the practice of law, she must purge herself of her contempt of this Court by fully complying with the Disciplinary Commission's amended subpoenas, issued July 22, 1998, and August 27, 1998. The Disciplinary Commission is directed to notify this Court in writing of the respondent's compliance with the directives of those subpoenas.

The Clerk of this Court is directed to provide copies of this Order to the respondent, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

Costs of this proceeding are assessed against the respondent.