In the Matter of CONTEMPT OF the Supreme Court of Indiana

Daniel K. HOUSTON, Respondent.

No. 79S00–9809–DI–485.

Supreme Court of Indiana.

June 23, 1999.

No appearance for the Respondent.

Donald R. Lundberg, Executive Secretary Seth Pruden, Staff Attorney Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

Today we find that by failing to respond to investigative subpoenas issued by the Disciplinary Commission, the respondent, attorney Daniel K. Houston, is in contempt of this Court.

The genesis of this contempt action is the Commission's September 11, 1998, *Verified Information and Motion for Order to Show Cause Why Respondent Should not be Held in Contempt of Court,* filed in accordance with Ind. Admission and Discipline Rule 23(9)(f), and based on the respondent's failure to comply with two Disciplinary Commission subpoenas. On December 3, 1998, this

Court ordered the respondent to appear before this Court on January 11, 1999, at 10:00 a.m. and show cause why he should not be held in contempt. The Commission appeared by staff attorney Seth Pruden, but the respondent failed to appear. The Commission presented evidence regarding its efforts to notify the respondent of the contempt hearing and of the respondent's failure to respond to investigative subpoenas issued by the Commission. The Commission requested that this Court direct the respondent to comply with the two Commission subpoenas and find the respondent guilty of contempt of this Court for his failure to comply with those subpoenas.

■ We now find that the respondent is a member of the Bar of this state, having been admitted in 1973. As to the threshold issue of notice of the show cause hearing of this matter, we find that, in response to the Commission's *Verified Information and Motion for Order to Show Cause,* this Court issued an *Order to Show Cause* on December 3, 1998, directing the respondent to appear at 10:00 a.m. on January 11, 1999. By affidavit, the clerk of this Court states that the order was mailed certified on December 3, 1998, and that the Domestic Return Receipt shows delivery to the respondent or his agent on December 14, 1998. After the show cause hearing, the Commission filed supplemental information as to the issue of notice. In it, the Commission states that on January 12, 1999, it received an unverified letter from an attorney renting space in the same office building as the respondent. That attorney stated that the respondent had not been to his office for several months and that, given his absence, the attorney would from time to time take the respondent's mail to his residence and tape it to his door. That attorney also stated that his staff signed the domestic return receipts attached to the *Order to Show Cause* and then took the *Order* to the respondent's home.

■ Due process requires that civil contemnors be provided with adequate notice and opportunity to be heard at a meaningful time and in a meaningful manner. *Mitchell v. Stevenson,* 677 N.E.2d 551 (Ind.Ct.App. 1997), *trans. denied* 683 N.E.2d 594, *Bottoms v. B & M Coal Corp.,* 405 N.E.2d 82 (Ind.Ct. App.1980), *rehg. denied.* The notice must be sufficient to give the contemnor opportunity to make a defense. *National Education Association—South Bend v. South Bend Community School Corporation,* 655 N.E.2d 516 (Ind.Ct.App.1995). In determining whether due process has been provided, courts must take cognizance of the practicalities and peculiarities of each particular case. *City of Mitchell v. Graves,* 612 N.E.2d 149 (Ind.Ct. App.1993). The evidence in this case reveals that an *Order to Show Cause* setting hearing was mailed to the respondent by certified mail on December 3, 1998, to his last known address as reflected in the records of the clerk of this Court.[1] The posting occurred well over one month prior to the hearing date. The letter was signed for on December 14, 1998, by one purporting to be an agent of the respondent. The attached *Order to Show Cause* was then delivered to the respondent's residence. These facts convince us that the respondent received adequate notice of the proceedings.

■ Turning to the substantive allegations of contemptuous conduct, we now find that during the course of investigating a grievance alleging professional misconduct by the respondent, the Commission on June 4, 1998, issued a subpoena *duces tecum* to the respondent in accordance with Admis.Disc.R. 23(9)(f), seeking the production of certain materials relative to a grievance that had been filed against him. On July 16, 1998, the Commission issued a second subpoena seeking the same materials. The subpoenas were

1. Indiana Admission and Discipline Rule 2 provides, in relevant part:
   All attorneys in good standing, duly admitted to the practice of law in the State of Indiana shall file with the Clerk of the Supreme Court ... their correct name, office and residence address, and county of residence. Said attorneys shall notify the Clerk of the Supreme Court of any change of address or name within thirty (30) days of such change ... The names and addresses so certified shall be effective for all notices involving licenses as attorneys and/or disciplinary matters, and a failure to file same shall be a waiver of notice involving licenses as attorneys and/or disciplinary matters.

accompanied and followed by letters from the Commission's Executive Secretary similarly requesting production of the documents. Again, all correspondence was sent to the respondent's business address as reflected in the Roll of Attorneys in this Court's clerk's office. The respondent failed to comply with any of the requests, including the two Commission subpoenas.

Admission and Discipline Rule 23(9)(f) provides that failure to obey a subpoena issued by the Commission shall be punished as contempt of this Court. The evidence demonstrates that the respondent has failed to respond to or comply with those subpoenas. Accordingly, we find that the respondent is in contempt of this Court for failure to comply with the two subpoenas issued by the Disciplinary Commission.

■ This Court has inherent and statutory authority to punish for contempt of its authority and process. *Matter of Crumpacker*, 431 N.E.2d 91, 97 (Ind.1982); I.C. 33–2–1–4. Our primary objective in cases where a disciplinary respondent fails to abide by a Commission subpoena is to exact compliance with the directive contained in that subpoena. *See Vanderkooi v. Echelbarger*, 250 Ind. 175, 235 N.E.2d 165 (1968) (primary object of civil contempt proceeding is to coerce action for the benefit of an aggrieved party damaged by the failure of another to conform to a court order). Accordingly, in the present case we conclude that, given the failure of alternative methods, we should impose means to coerce the respondent to abide by the Commission's subpoenas. To do that, we find that suspension of the respondent's law license until such time as he purges himself of contempt by complying with the Commission's subpoenas is warranted as the best means under the circumstances to address his contempt. *See, e.g., Matter of Crenshaw*, 708 N.E.2d 859 (Ind.1999); *Matter of Trueblood*, 616 N.E.2d 8 (Ind.1993). Additionally, given the Commission's supplemental materials tendered in this matter, we also refer this case to the Judges and Lawyers Assistance Program.[2]

2. Ind.Admission and Discipline Rule 31.

IT IS, THEREFORE, ORDERED that the respondent, Daniel K. Houston, is suspended from the practice of law in this state, effective thirty (30) days from the date of this Order. The respondent is ordered to file the affidavit required by Admis.Disc.R. 23(26)(c)(1). To be reinstated to the practice of law in this state, he must purge himself of his contempt of this Court by fully.complying with the Disciplinary Commission's investigative subpoenas, issued June 4, 1998, and July 16, 1998. The Disciplinary Commission is directed to notify this Court in writing of the respondent's compliance with the directives of the subpoenas.

The Clerk of this Court is directed to provide notice of this Order to the respondent or his attorney, to the Disciplinary Commission, to the Chairman of the Judges and Lawyers Assistance Committee, to the Executive Director of the Judges and Lawyers Assistance Committee and to all other entities listed in Admis.Disc.R. 23(3)(d), governing suspension from the practice of law.

Costs of this proceeding are assessed against the respondent.