**In the Matter of Daniel K. HOUSTON.**

Nos. 79S00–9809–DI–485,
79S00–9908–DI–448.

Supreme Court of Indiana.

Oct. 25, 1999.

### AMENDED ORDER IMPOSING SANCTION FOR CONTEMPT

By order issued June 23, 1999, this Court found the respondent, Daniel K. Houston, to be in contempt of this Court for failing to comply with two investigative subpoenas issued by the Disciplinary Commission. *Matter of Houston,* 711 N.E.2d 33 (Ind.1999). As a result of that finding, this Court suspended the respondent from the practice of law in this state until such time as he complied with the subpoenas. Additionally, he was ordered to file an affidavit as required by Ind. Admission and Discipline Rule 23(26)(c)(1).[1]

We now find that the respondent has not complied with the directives of the June 23, 1999, order and thus remains in contempt of this Court. Accordingly, in light of the respondent's refusal or inability to address the issues leading to his contempt of this Court, and his failure to take the steps necessary to protect the interests of his clients upon his removal from practice, we find that the sanction for his contempt should be modified to include the requirement that he formally petition this Court for reinstatement to the bar of this state. We note that on August 23, 1999, the Commission filed a *Verified Complaint for Disciplinary Action* alleging multiple instances of attorney misconduct not directly related to our finding of contempt. We find further that, due to our modification of the respondent's sanction for contempt,

the complaint should be dismissed without prejudice. Should the respondent ever formally petition for reinstatement to the bar of this state, issues relating to that complaint may be addressed during the reinstatement proceeding.

IT IS, THEREFORE, ORDERED that this Court's Order of June 23, 1999, in the *Matter of Daniel K. Houston,* 711 N.E.2d 33 (Ind.1999), is hereby modified to provide that, in addition to the requirement that the respondent comply with the Disciplinary Commission's investigative subpoenas issued June 4 and July 16, 1998, and that he file an affidavit as required by Admis.Disc.R. 23(26)(c)(1), the respondent must satisfy the requirements of Admis.Disc.R. 23(4) in order to be reinstated to the practice of law in this state.

IT IS FURTHER ORDERED that *Matter of Houston,* Case No. 79S00–9908–DI–448, is hereby dismissed without prejudice.

The Clerk of this Court is directed to forward a certified copy of this Order to the respondent or his attorney; to the Indiana Supreme Court Disciplinary Commission; and to all other entities listed in Admis.Disc.R. 23(3)(d), governing suspension from the practice of law.

---

1. That rule requires that suspended attorneys, within 20 days of notice of suspension, file with the Court an affidavit showing that all clients being represented by the attorney in pending matters have been notified of the nature and duration of the suspension, indicating that all pending matters requiring the attorney's services during the period of suspension have, with the clients' consent, been placed in the hands and care of an attorney admitted to practice in this state, or, if the clients do not consent, have been advised to seek substitute counsel of their choice.